## FENNER et al. *vs.* KIRKMAN.

1. In detinue for a slave, a recovery cannot be had against a defendant who was out of possession at the date of the writ, on proof of his prior possession at the time plaintiff's vested remainder fell in by the termination of the precedent life estate, if he afterwards parted with it, without fault, under a contract of hiring, before suit brought or demand made.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. THOMAS A. WALKER.

DETINUE (under the Code) for a slave named Wilson, by Joseph F. Fenner, in his own right and as administrator of Robert Fenner, deceased, Thomas B. Fenner, Richard H. Fenner, Julius Johnson and Mary his wife, Julius Johnson as administrator of the respective estates of John H. Fenner and Fredonia Fenner, both deceased, Margaret E. Fenner, Ann M. Fenner, and Lucy M. Fenner, (the last two being infants, who sue by their next friend, Julius Johnson,) against Thomas Kirkman. The writ was issued on 6th September, 1853.

The plaintiffs' bill of exceptions is as follows :—

"In this cause, the parties proceeded to trial at this term of the court on issues joined. It was in proof before the jury, that Robert Fenner was tenant for life of the slave sued for ; and furthermore, by the will creating the life estate in said Robert Fenner, it was in proof, that the plaintiffs took a vested remainder in said slave on the termination of said life estate in said Robert Fenner. It was in proof, also, that Robert Fenner departed this life on the 19th day of September, 1847, at which time the defendant had possession of the said slave, and has had the possession continually ever since, with the exception of part of the year 1853—that is to say, from the — day of May, 1853, to the 1st January, 1854—during which time he was hired out by said defendant, but was again returned to him on the 1st of January, 1854.

" On this proof, the plaintiffs asked the court to charge the jury, that if they believed from the evidence that defendant had possession of the slave sued for, at a time subsequent to the death of Robert Fenner, then his parting with that possession afterwards, and being out of possession at the date of the writ, constitute no defence to this action ; which charge the court refused to give, and the plaintiffs excepted."

The charge of the court is now assigned for error.

DAVID P. LEWIS, for the appellants :

1. While it is admitted, that detinue will not lie when the recovery of the chattel in specie is impossible (Lindsay v. Perry, 1 Ala. 204) ; still, it is insisted, the facts of this case show that the recovery of the slave in specie was entirely possible.—Pool v. Adkisson, 1 Dana's R. 111 to 119.

2. The wrongful detention of the slave is the gist of the

action.—Walker v. Fenner, 20 Ala. 198. The facts show a wrongful detention from 1847 to 1853; a ground of detinue, of which the law will not deprive plaintiff, unless a recovery of the slave in specie is impossible.

3. The facts of this case clearly distinguish it from Walker v. Fenner, *supra*. Here, defendant wrongfully and illegally parted with the possession of the slave : his estate had terminated before the hiring. Kirkman might have surrendered the slave before suit brought ; Walker could not.

4. Detinue lies, whenever defendant has had possession of the chattel sued for, but has parted with it before the date of the writ, without legal compulsion.—Pool v. Adkisson, *supra*. And detinue lies for tortious detention, when defendant has been in possession, without right, while plaintiff had right ; unless he has lost the possession by casualty, or by lawful eviction.—Rucker v. Hamilton, 3 Dana's R. 44. These principles are entirely consistent with Walker v. Fenner and Lindsay v. Perry, *supra*. The defendant's voluntary disposition of the slave, without right, seems conclusive on him that he can still control it for the purpose of satisfying the judgment by surrendering it.

5. If the defence attempted in this case should be sustained, plaintiff may at any time be deprived of the peculiar benefits of this action by a wrongful act of the defendant, the positively fraudulent intention of which he cannot possibly prove, and of the very existence of which he may be utterly and necessarily ignorant at the date of the writ.

R. W. WALKER, *contra* :

1. Where the defendant is not in possession at the date of the writ, the action of detinue cannot be maintained against him, unless it is shown that he had parted with the property wrongfully, or fraudulently, to affect the plaintiffs' right to the action.—Walker v. Fenner, 20 Ala. 199. *It must be shown* that he wrongfully parted with the possession—the burthen of proof is on the plaintiff. The true rule is, that "if defendant has parted with the possession, without any intentional derogation of the true owner's title, he is not liable in this action."—Caldwell v. Ford, Riley's Law Cases, pp. 277-80 ; Kershaw's Executors v. Boykin, 1 Brev. 301 ; Charles v.

Elliott, 4 Dev. & Bat. L. 468 ; Story on Bailments, § 101. In this case, there is no evidence how Kirkman obtained possession, or through whom he claimed title—whether by purchase from Robert Fenner, or under a right wholly adverse ; it is not shown that any demand, or notice of title, was given or made by plaintiff before suit brought ; there is no proof, in fact, that he ever heard of Fenner's right before suit brought. Robert Fenner died in 1847, and the suit was brought in September, 1852—five years afterwards. Did Kirkman ever hear of plaintiffs' claim until then ? did he know of Fenner's death ? did he even know of his existence ? The record furnishes no affirmative answer, either expressly or by implication. In the absence of any such knowledge or notice of plaintiffs' claim, is he to be denied the exercise of the ordinary rights of ownership ? According to the appellants' argument, though plaintiffs might have never sued, yet defendant could never have hired out the slave, without being guilty of a tort or a fraud.

2. Every legal intendment is made in favor of the affirmance of judgments ; and where a charge, as applicable to the facts, may or may not be correct, it is incumbent on the party complaining to set out in the record so much of the evidence as is necessary to show its error.—Green v. Tims, 16 Ala. 546 ; Gaines v. Harvin, 19 ib. 499 ; Knapp v. McBride, 7 ib. 29 ; King v. Crocheron, 14 ib. 826. If a bill of exceptions be so framed, that it cannot be learned from the record whether or not error has intervened, though there is some reason to believe that it probably has, the court is bound to affirm the judgment.—Adams v. Ellis, 1 Aik. 24, 180, cited in Knapp v. McBride. *supra.* Is the court to *presume* that a citizen has violated the law and committed a fraud ?

GOLDTHWAITE, J.—We understand the charge requested by the appellant to assert the legal proposition, that if a defendant in detinue is proved to have possession of property belonging to the plaintiff before the commencement of the suit, a recovery can be had, if the property is in existence, although the defendant may without fault have parted with the possession and control before demand made, or suit commenced.

All the books agree, that the *gist* of the action of detinue is the detention, and not the original taking; but whether it can be sustained for every detention, before demand or suit, which is not under a finding or bailment, or authorized by the owner, is a question on which there is some conflict of authority; but the form of the writ—which is, that the sheriff command A that he render to B one, &c., which he unjustly *detains* from him, &c. (Fitzherbert's N. B. 323)—and the history of it, as given by the old writers, who speak of it in connection alone with the refusal on the part of the borrower or finder of the goods, to deliver them on demand of the true owner, or a bailee bound by his contract to deliver them at a certain time, and failing to do so, are persuasive to show that a possession at the time of the demand or suit was required. It is true that in Comyn's Digest, (Detinue, A,) it is said, that the action lies, though the defendant quitted the possession before action brought; and he cites Bro. Detinue. But we think that author refers to the cases to which the action was applied in those times; which were those we have already mentioned,—findings and bailments, in either of which instances, as he parted with the goods knowing that they did not belong to him, it might properly be regarded as a culpable disposition of them on his part; and if the goods were in existence, and the end of the action might therefore be accomplished, it would be against justice to allow the defendant to defeat it by proving his own wrongful act.

But a very different case is presented, when one comes into possession by a lawful act, and in ignorance of the rights of the true owner, as by a purchase from one in possession, who has ostensibly the right to sell. His possession is not wrongful or unjust in the sense in which those terms are applied to the finder or borrower who refuses to deliver to the real owner upon demand; and if he, without notice of title in another, parts with the control of the property before demand or suit, although he may be liable for the value in another form of action, it would be unjust to hold him to deliver the specific goods. In cases of bailment, by the civil and French law, if the heir or administrator of a deceased bailee sell the thing in ignorance of the bailment, he is liable but for the price, and only when he has received it (Digest, lib. 16, tit. 3, c. 1;

Story on Bailments, § 101); and upon analogous principles, in the case we have put, the party should not be liable beyond the value of the thing sold and interest from the time of the conversion.

What we have said is supported by the case of Fenner v. Walker, 20 Ala. 192, in which it is said, with regard to this action, "that to enable the plaintiffs to recover, they must show that the defendant, either at the time of the demand made, or, in the event that there was no demand, at the time the writ was sued out, had the actual possession, or the controlling power over the property; unless, having the possession anterior to such demand or suit, he has wrongfully, or to elude the plaintiff's action, parted with it, or unless he holds it under a contract of bailment which he violates by failing to deliver it."—See, also, Caldwell v. Ford, Riley 277; Kershaw v. Boykin, 1 Brevard 301; Charles v. Elliott, 4 Dev. & Bat. 468. So, in Harris v. Hillman, at this term, we held, that a purchaser at sheriff's sale having subsequently hired out the slave bought, without notice that the plaintiff had any right, or intended to call in question the claim of the defendant; and being thus divested of the control and possession of the slave at the commencement of the suit, no previous demand having been made,—the action was not maintainable on the prior possession. The question presented upon this record is fully covered by the last case cited.

Judgment affirmed.