## GANTT vs. Doe ex dem. COWAN.

[EJECTMENT.]

1. *Estoppel against setting up outstanding title.*—Where the plaintiff and defendant in ejectment derive title through mesne conveyances from the same vendor, there is no necessity for proof of title beyond him, and the defendant cannot set up an outstanding title in a third person ; and that the plaintiff claims under a quit-claim deed, while the defendant claims under a subsequent purchase at execution sale, does not affect the principle, unless the defendant can show that the defendant in execution, after the execution of plaintiff's quit-claim deed, acquired a superior title.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by Robert H. Cowan and Thomas Cowan, against Edward Gantt, for the recovery of a town lot in Selma. The title adduced by the plaintiffs was, 1st, a quit-claim deed from Jesse Beene to Jeremiah Pitman, dated January 14, 1837; 2d, a quit-claim deed from said Pitman to Thomas H. Cowan, dated January 24, 1838 ; 3d, a quit-claim deed from said Thomas H. Cowan to themselves, dated March 4, 1838; and, 4th, " oral testimony tending to show that the lot in controversy was the same lot mentioned in said several deeds, and that Jesse Beene was in the possession of the same at the time of his said sale to Pitman." The defendant then introduced and read to the jury the following documentary evidence of title: 1st, a patent from the United States to George Phillips and Wm. R. King, for the section of land embracing the lot in controversy, dated November 24, 1823 ; 2d, a deed from the coroner of Dallas county to Tarleton Woodall, for the lot in controversy, which had been sold under execution in favor of Jeremiah Pitman against Thomas H. Cowan and John F. Conoley, who was the sheriff of the county, dated October 6, 1845 ; and, 3d, a deed from said Woodall and wife to himself, dated February 18, 1847.

This being all the evidence, the court charged the jury,—

" That if they believed from the evidence that both the plaintiff and the defendant claimed title to said lot from Thomas H. Cowan, then the defendant would be precluded from setting up in defence an outstanding title in a third person."

The defendant excepted to this charge, and asked the following instructions:—

" 1. That if the plaintiffs rely on a documentary title to said lot, they must show a connected chain of title from the United States Government to themselves, or they cannot recover.

" 2. That if the defendant claims under a judicial sale, he can show an outstanding title in a third person.

" 3. That if the plaintiffs claim under a quit-claim deed from Jesse Beene, the defendant can show an outstanding title in a third person—the patentees and their heirs."

The court refused these charges, and to each refusal the defendant excepted ; and he now assigns for error the charge given, and the refusals to charge as requested.

GEO. W. GAYLE, for the appellant, contended,—

1. That the defendant could show an outstanding title in a third person, because the plaintiffs, holding under a quit-claim deed, had only a possessory title.—Jackson v. Hubble, 1 Cowen's R. 613; Jackson v. Hill, 5 Wend. 532. It is true that one who has had a prior possession may recover in ejectment; but when both parties (not being landlord and tenant) have nothing but a possessory title, there is nothing to prevent the ordinary defence of an outstanding title.

2. That the defendant was not estopped from setting up an outstanding title, by any act done by him with plaintiff, or by any relation existing between them.—King v. Stephens, 18 Ala. 475; Badger v. Lyon, 7 ib. 564; Cox v. Davis, 17 ib. 716; Jackson v. Morse, 16 Johns. 197.

3. The case of Seabury v. Stewart & Easton, 22 Ala. 207, has no application to this case, because the defendant, in effect, there occupied the position of tenant to the plaintiffs, and was estopped by the relation from setting up an outstanding title.

4. It is not shown that Boone, under whom plaintiffs claim, had any title, or exercised acts of ownership. The plaintiffs, therefore, were disseizors and trespassers against the legal owner, and cannot recover even of a trespasser.—Bradstreet v. Huntington, 5 Peters, 402; Knox v. Kellock, 14 Mass. 200; Wolcott v. Knight, 6 ib. 418; Prop. Ken. Pur. v. Springer, 4 ib. 416.

5. Thomas H. Cowan only held a possessory title, while the defendant was in possession, and held the coroner's deed. Ejectment cannot be maintained upon mere possession against adverse documentary title.—Hallett v. Eslava, 2 Stew. 115.

6. The plaintiffs, relying as they they did on documentary title, were bound to show a complete chain of title from the United States to themselves; and this they failed to do.—2 Stew. 115; 3 ib. 60; 1 ib. 298; Stevens v. King, 21 Ala. 429; Brock v. Yongue, 4 ib. 587; Hines v. Greenlee, 3 ib. 73; 2 Port. 280.

WM. M. BYRD, contra, contended that, where the plaintiff and defendant claim through the same source, or a common vendor, the defendant is estopped from setting up an out-

standing title, and the plaintiff is relieved from the necessity of tracing his title back beyond the common vendor; and cited the following cases: Pollard v. Cocke, 19 Ala. 188; Seabury v. Stewart & Easton, 22 *ib.* 207; Cooper v. Galbreath, 3 Wash. C. C. 549.

CHILTON, C. J.—The defendant claimed the land in this case under a purchase made at a sale by the coroner, in virtue of an execution against Thomas H. Cowan and another. The land was levied on, as appears by the recitals in the deed, as the property of said Cowan,—was sold as his property, and conveyed by the coroner to Woodall, the purchaser, who conveyed to Gantt, the defendant.

The plaintiff also claims the same lot by conveyance from Thomas H. Cowan, through mesne conveyances to himself. The case, therefore, is a very plain one. As both parties claim through Thos. H. Cowan, the defendant by purchase under execution, they admit the title of Cowan, and there was no necessity for proof of title beyond their common vendor. The coroner could only sell a legal title; and the acceptance of a deed under the purchase, and relying upon it as evidence of title, was an admission by the defendant that Cowan was seized of a legal title. The only inquiry, then, was, which of the parties had obtained the legal title from such common vendor. That the plaintiff claimed by quitclaim deed, does not alter the principle, unless the party claiming to hold by a subsequent conveyance from the same grantor should be able to prove that such grantor acquired a title in the meantime superior to that conveyed to the plaintiff. Nothing of the kind is shown here; and as the charge which the court gave properly presented this question to the jury, the charges asked by the defendant, which conflicted with it, were properly refused.—See Brock v. Yongue, 4 Ala. 584; Pollard v. Cocke, 19 *ib.* 188, and cases there cited; Seabury v. Stewart, 22 *ib.* 207.

The law will refer the possession of the defendant to the title which he sets up for its protection; and as he claims under a title derived from Cowan, the plaintiff's vendor, and holds possession under that title, he cannot be allowed to say that Cowan had no title, but that it is in a third party, with

whose title he stands in no wise connected.—See cases above cited ; also, Jackson, *ex dem.* Brown, v. Hinman, 10 Johns. R. 292 ; Jackson v. Harper, 5 Wend. 246; Jackson v. Murray, 12 Johns. 201 ; 13 *ib.* 316 ; *ib.* 433 ; Jackson v. Tuttle, 9 Cow. R. 233; Jackson v. Walker, 7 *ib.* 637.

Judgment affirmed.