## GARDNER *vs.* BOOTHE.

[DETINUE FOR SLAVES.]

1. *Estoppel against setting up outstanding title.*—In detinue by one claiming as trustee of a married woman, under a deed of gift from her husband. against a subsequent purchaser from the husband, the defendant is estopped from setting up an outstanding title in the wife.

Gardner v. Boothe.

2. *Validity of voluntary conveyance.*—A voluntary conveyance is not void, as against a subsequent purchaser for valuable consideration without notice, unless made with a fraudulent intent.

3. *Fraud question for jury.*—The question of fraudulent intent, in the execution of a voluntary deed, is for the determination of the jury ; and the court has no right to assume that such intent is proved, even if there is a strong tendency of the evidence in that direction.

4. *Demand and damages.*—In detinue, the plaintiff is entitled to recover damages without proof of a demand, from the commencement of the defendant's unlawful possession ; but where the defendant's possession is not clearly shown to have commenced at the time of his purchase, it is error in the court to instruct the jury that he is liable for damages from the time of his purchase.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by John Boothe, as trustee of Mrs. Eliza Bettner, against Mrs. Mary K. Gardner, to recover certain slaves, together with damages for their detention.    The plaintiff's title was founded on a deed from Charles Bettner, the husband of Mrs. Mary Bettner, dated the 27th October, 1845, by which one of the slaves, Paralee by name, who subsequently gave birth to all the others in controversy, was conveyed to said Boothe, in trust for the sole and separate use of Mrs. Bettner; while the defendant claimed under a subsequent purchase from said Charles Bettner,—her bill of sale bearing date in December, 1848.    It appeared from the evidence adduced on the trial, that the slave Paralee was bought by said Charles Bettner in Mississippi, where the parties then resided, from one Chandler, and was paid for with his own money ; but that the bill of sale, dated February 15, 1848, was taken in the name of his wife, "for the purpose of preventing said slave from being made liable to the payment of his debts."    Bettner and wife shortly afterwards removed to Mobile, where the deed to Boothe was executed, and thence to Dallas county ; carrying the slaves with them at each removal.    The deed to Boothe was recorded in Mobile, but not in Dallas county; and there was no evidence showing that defendant, at the time of her purchase, had any notice of said deed.

"To show the statute law of Mississippi, passed in 1839,

as to the rights of married women, and the construction of that law, (thereby waiving the production of the statute,) the defendant and plaintiff, by consent, introduced in evidence to the jury the following decisions of the supreme court of Mississippi," viz., Frost & Co. v. Doyle and Wife, 7 Sm. & Mar. 68; Davis and Wife v. Foy, 7 Sm. & Mar. 64; Hopkins v. Carey and Wife, 1 Cush. (Miss.) 54; Ratcliffe v. Dougherty, 2 Cush. (Miss.) 181.

This is, in substance, all the evidence adduced on the trial, as the same is set out in the bill of exceptions; and thereupon the court charged the jury, "that if the plaintiff was entitled to recover under the law and evidence, he was entitled to recover the hire of said slave Paralee, from the time she was bought by the defendant." The defendant excepted to this charge, and requested the court to instruct the jury as follows:

"1. That the plaintiff, if entitled to recover at all, could only recover hire from the time the suit was brought, or demand made.

"2. That the plaintiff was not entitled to recover under the evidence introduced in this case.

"3. That under the law and decisions aforesaid of the State of Mississippi, the legal title to said slave Paralee was vested in Mrs. Bettner; and that no title passed to plaintiff by the deed of Charles Bettner, which would entitle him to recover in this suit.

"4. That if the jury believed from the evidence that the defendant bought the slave Paralee from Charles Bettner, in good faith, without notice of the deed executed by said Bettner to plaintiff, and paid him a valuable consideration for said slave, they must find a verdict for the defendant."

The court refused each one of these charges, and the defendant excepted to each refusal; and she now assigns as error the charge given and the refusal of the several charges asked.

Wm. M. Byrd, and Geo. P. Blevins, for appellant.

Geo. W. Gayle, and N. R. H. Dawson, *contra*.

WALKER, J.—It is contended for the appellant, who

Gardner v. Boothe.

was the defendant below, that under the law of Missis-
sippi, as set forth in the decisions which were read in evi-
dence on the trial, that a complete title to the female slave
who is the mother of all the others in controversy, vested
in Mrs. Bettner; and that, consequently, Mrs. Bettner's
husband had no title which he could convey by the deed
of trust under which the plaintiff claims.   The defendant
thus, in effect, asserts the proposition, that there is out-
standing in Mrs. Bettner, who is, as to this controversy, a
third person, a title paramount to that transferred to the
plaintiff by the husband of Mrs. Bettner.   The defendant,
however, claims title by a conveyance, in the form of a
bill of sale, from the husband of Mrs. Bettner,—the same
person from whom the plaintiff deduces his title.   Thus
claiming title from the same person with the plaintiff, and
setting up no other title, the defendant is estopped from
asserting a paramount outstanding title in a third person,
with which he is not in any way connected.   The plain-
tiff is not required to trace his title farther than to the
source of title common to him and the defendant.—Gantt
v. Cowan, 27 Ala. 582; Garrett v. Lyle, *ib.* 587; Seabury
v. Stewart & Easton, 22 Ala. 207; Pollard v. Cocke,
19 Ala. 188; McCravey v. Remson, 19 Ala. 430; Miller v.
Jones, 29 Ala. 174; S. C., 26 Ala. 247.   It is, therefore,
unnecessary for us to consider the effect of the Mississippi
law; because, conceding to it the effect claimed by the
appellant, it cannot avail her.

2. Although the deed of trust to the plaintiff was vol-
untary, it would not therefore be void as to the defendant,
notwithstanding she may be a subsequent purchaser for
valuable consideration without notice.   To invalidate it
as to a subsequent purchaser, it is necessary that there
should have been a fraudulent intent.—Stiles & Co. v.
Lightfoot, 26 Ala. 443.

3. A fraudulent intent being necessary to the avoidance
of the plaintiff's deed, the court had no right to assume
that such intent was proved, even though there had been a
strong tendency of the evidence in that direction; con-
sequently, the refusal of any charge which required such
assumption, was not erroneous.   If the defendant is a

subsequent purchaser for valuable consideration, she undoubtedly has the right to assail the conveyance to the plaintiff for fraud; and while the fact of its being voluntary would not, of itself, establish the fraud as against her, it would nevertheless be evidence to be regarded by the jury in determining the question of fraudulent intent. Read v. Livingston, 2 Johns. Ch.

4. If the plaintiff in this case had a right to recover at all, the defendant's possession was unlawful; and under the decision of Lawson v. Lay, 24 Ala. 184, a demand was not necessary to authorize the recovery of damages for the unlawful detention of the property. The charge of the court upon that subject would be perfectly consistent with the principle correctly established in the case cited, and would involve no error, if it had directed the jury to compute damages from the commencement of the defendant's possession. But the court fixed the time for the commencement of damages at the date of the defendant's purchase. The evidence conduces to show that the defendant's possession commenced at the time of her purchase, but does not establish that fact with such certainty as would justify the court in withdrawing the question from the jury. The court could not assume, in the state of the proof, that the slave passed under the defendant's control, and into her possession, at the time of her purchase. This charge of the court contains the only error found in the record; but, for the error on this point, the cause must be reversed, because, while it is *possible*, it is not *clear* that the defendant was not injured by the error.

The judgment is reversed, and the cause remanded.