## FOSTER *vs.* CHAMBERLAIN & CO.

### [DETINUE FOR SCHOONER FLAT-BOAT.]

1. *Abatement and revivor of action.*—Under section 2146 of the Code, as under former statutes, if one of two defendants in detinue dies pending the suit, the action can not be revived, at the instance of his personal representative and the surviving defendant, so as to proceed against them jointly.

2. *Proof of outstanding title by defendant.*—Where the plaintiff in detinue, never having had actual possession, is driven to proof of his title to sustain the action, the defendant may defeat a recovery by proof of a superior outstanding title in a third person, without connecting himself with it.

3. *Registration of mortgage on vessel.*—Under the act of congress approved July 19, 1850, (Brightly's Digest, 833, § 44,) a mortgage of any vessel of the United States, to be valid against subsequent purchasers without notice from the mortgagor, must be recorded in the custom-house where such vessel is registered or enrolled; and a registration in the office of the probate judge of the county is neither actual nor constructive notice.

4. *Relevancy of evidence on question of damages.*—The fact that the plaintiff in detinue, having obtained the possession of the property in controversy by executing the statutory bond, (Code, § 2192,) afterwards sold the property under the mortgage which was the foundation of his title, and that the defendant became the purchaser at the sale, and received the property under his purchase, is not competent evidence for the plaintiff, under the plea of the general issue, for the purpose of mitigating the defendant's damages.

5. *When action lies.*—The plaintiff can not recover in detinue, when the general issue is pleaded, without proving that the defendant had possession of the property at the commencement of the suit, or showing facts which bring the case within the exceptions to the general rule as to possession; and in the absence of such proof by the plaintiff, it is error to instruct the jury that, "under the pleadings in the case, a possession by the defendant would be implied."

Foster v. Chamberlain & Co.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Chamberlain & Co., against Herman Parker and Phineas O. Foster, to recover "a certain schooner flat-boat, named and called *The California,*" together with damages for its detention; and was commenced on the 27th August, 1861. On the trial, as the bill of exceptions states, "when the evidence was closed, the court inquired, before charging the jury, what were the pleas in the case. The reply was, the general issue; but this plea, it appeared, had not been reduced to writing. The defendant's counsel then proposed, with the leave of the court, to enter written pleas of the general issue and *non detinet;* but the court declined to admit the plea of *non detinet* at this stage of the proceedings, and said that, if that plea were relied on, it should have been specially pleaded, and that the verbal plea of the general issue could only be construed as a denial of the plaintiffs' cause of action."

On the 23d April, 1866, an entry was made in the cause, in these words: "The death of the defendant Parker suggested, and the plaintiffs suffer the suit to abate as to him." On a subsequent day of the term, Mrs. Jane Parker, the administratrix of said Herman Parker, moved the court that she might be made a party defendant to the suit, in the place of her intestate, and be permitted to defend with said Foster; and said Foster joined in the application. The plaintiffs resisted this motion, and the court refused it; to which ruling and decision exceptions were reserved by said administratrix and said Foster separately. At a subsequent time, during the trial, the court having refused to allow the defendant Foster to adduce evidence of an outstanding title to the vessel in the estate of said Herman Parker, the motion to admit said administratrix as a party defendant was renewed, and was again refused by the court.

It was proved on the trial, as the bill of exceptions further shows, that the vessel in controversy was built and owned by one James W. Burroughs, in 1858; was engaged in the coasting trade between Mobile and New Orleans,

regularly licensed under the laws of the United States, and duly enrolled in the custom-house in Mobile. "There was no evidence tending to show that the plaintiffs had ever been in the possession of said schooner, prior to the commencement of this suit." To prove title in themselves, the plaintiffs offered in evidence a mortgage on the vessel, executed by said James W. Burroughs, dated the 15th day of February, 1858, and conveying the vessel to them as a security for the payment of twelve hundred dollars. The law-day of this mortgage was the 1st day of March, 1859; and the deed contained a power of sale, in the event of the non-payment of the debt at maturity. The mortgage purported to have been recorded in the office of the probate judge of Mobile county; but the date of its admission to record was not shown, nor was it shown to have been registered in the custom-house at Mobile. The defendant objected to the admission of the mortgage as evidence, "on the ground that it was not sufficiently proved." The court overruled the objection, and allowed the deed to go to the jury as evidence; and the defendant excepted.

For the purpose of showing an outstanding title, superior to that of the plaintiffs, the defendant offered in evidence a mortgage on the vessel, executed by said Burroughs, dated the 15th May, 1859, and conveying said vessel to said Herman Parker, under the name and style of H. Parker & Co., to secure the payment of a certain debt therein recited to be due and owing by said Burroughs to said Parker. He also offered to prove the consideration of said mortgage, as therein recited, and its due registration at the custom-house in Mobile; also, a transcript from the records of one of the district courts in New Orleans, duly certified under the acts of congress, which showed a judgment against said Burroughs, in favor of H. Parker & Co., a sale of the schooner by the sheriff under execution on that judgment, and the sheriff's deed to said Parker as the purchaser. This judgment purported to have been rendered on the 11th day of January, 1860, and the sheriff's deed was dated the 18th January, 1860. On motion of the plaintiffs, "the court excluded all and every part of this evidence, on the grounds—1st, that it was irrelevant;

and, 2d, that it was not competent for the defendant, in this action, to show title to the schooner in any body but himself, unless he also showed that he was in some way connected with that title." To this ruling of the court an exception was reserved by the defendant.

At the commencement of the suit, the plaintiffs having made affidavit of ownership, and given bond as required by the statute, the sheriff took the schooner into his possession; and on the failure of the defendants to replevy within the time allowed by law, and the execution of the necessary replevin bond by the plaintiffs, he delivered the vessel to the plaintiffs. On the trial, after the defendant had adduced evidence of the value of the vessel, and of its use from the time it went into the plaintiffs' possession, "the plaintiffs offered, for the purpose of showing that no claim for damages, for the use or hire of the vessel after the 14th October, 1861, could be made against them, to introduce evidence to show that, on said 14th October, 1861, said schooner was sold under the power of sale contained in their said mortgage, and that said defendant Foster became the purchaser at said sale, and went into the possession of said vessel." The defendant objected to the admission of this evidence, "on the ground that it was irrelevant and immaterial," and reserved an exception to the overruling of his objection.

" The court charged the jury, among other things, that if Burroughs, the mortgagor, was the owner of the schooner at the time of his mortgage to the plaintiffs, then, on default of payment as therein provided, the plaintiffs acquired under the mortgage a right to the possession of the schooner, and could maintain an action of detinue for it, unless it was shown that there was a better title in the defendant, or in some third party, or a better right to the possession in the defendant. To this charge the defendant excepted.

" There was no evidence tending to show that either the defendant Foster, or the said Herman Parker, deceased, or both of them, were in the possession of the schooner at the time the suit was brought, or had ever been in possession previous to the bringing of the suit." The defendant asked the court to instruct the jury, " that the plaintiffs could not

recover in this action, unless they had shown that, at the commencement of the action, he was in possession of the schooner sued for." The court gave this charge, "but instructed the jury, at the same time, that, under the pleadings in the case, a possession by the defendant would be implied"; to which qualification of the charge the defendant excepted.

All the rulings of the court, to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

P. HAMILTON, for appellant.—1. The court erred in refusing to permit the personal representative of Parker to be joined as a defendant.—Code, § 2146. The suit was brought against Parker and Foster, not as co-partners, but as part owners, and as jointly liable in their individual characters to the plaintiffs. On the death of Parker, his right and title, whatever it was, passed to his personal representative, and did not survive to Foster; and the personal representative should have been allowed an opportunity to litigate the title, and to establish the right of his intestate. The case does not fall within the principles established in *Rupert & Cassity v. Elston's Executor*, (35 Ala. 79,) and the cases therin cited; all of which were actions on money demands, which are made joint and several by statute. Detinue is a peculiar remedy, involving both the title to property and damages for its detention; and this in favor of the defendant, as well as of the plaintiff. The property is in the possession of the law, for the benefit of the successful party; and he is entitled to recover damages for its detention, if the other party has had the possession. In this case, the plaintiffs gave the statutory bond, and acquired the possession; and if the suit was suffered to abate as to the deceased defendant, his estate loses the benefit of the security afforded by the plaintiff's bond.—Code, § 2194. The plaintiff can not recover in the action, unless he has the entire legal title.—*Price v. Talley's Adm'rs*, 18 Ala. 21. The statutory rule as to the revivor of actions is the same, whether the deceased party were a plaintiff or a defendant. If he were a plaintiff, the survivor could not recover, with-

Foster v. Chamberlain & Co.

out joining his personal representative; and the same rule must govern in the case of a deceased defendant. The action of ejectment affords the closest analogy to the action of detinue, in this respect.—23 Ala. 192, 393.

2. The court erred, also, in excluding the evidence offered to show a superior outstanding title in Parker, or his personal representative. As the plaintiffs had never had the actual possession before the commencement of the action, they could only recover on proof their title; and the defendant might defeat a recovery by showing a superior outstanding title in a third person, without connecting himself with it.—*Miller v. Jones' Adm'r*, 26 Ala. 247; *S. C.*, 29 Ala. 174; *Gardner v. Boothe*, 31 Ala. 286; *Reese v. Harris*, 27 Ala. 301; 12 Ala. 823.

3. The court erred, also, in the qualification added to the charge requested by the defendant.—*Parsons v. Boyd*, 20 Ala. 117; *Walker v. Fenner*, 20 Ala. 192; *Fenner v. Kirkman*, 26 Ala. 650; 1 Saunders' Pl. & Ev. 962.

4. As Parker's mortgage was regularly recorded in the custom-house at Mobile, pursuant to the requirements of the act of congress, while that of the plaintiffs never was so recorded, Parker's was the superior title.—9 U. S. Statutes, 440; 1 Brightly's Digest, 138.

5. The court erred, also, in admitting evidence of the sale under the plaintiffs' mortgage, and the purchase at that sale by the defendant. The defendant paid the consideration of his purchase, and the plaintiffs received it; and such sale and purchase had no relevancy to the question of damages in this case. If the plaintiffs' act, in taking possession of the vessel under the proceedings in this suit, was wrongful, they could derive no benefit from their subsequent wrongful act in selling it.

JOHN HALL, *contra*.—1. Parker's personal representative had no right to make herself a party defendant, against the consent of the plaintiffs. If the plaintiffs chose to proceed against the surviving defendant, they had a right to do so, and the defendant certainly could not complain. *Rupert & Cassity v. Elston's Executor*, 35 Ala. 79; *Easley v. Boyd*, 12 Ala. 684.

2. In detinue, service of the writ is proof of the demand, under the plea of the general issue. If Foster wanted to save costs, he should have disclaimed title to the property on service of the writ.—*Vaughn v. Wood*, 5 Ala. 304; *Spencer v. McMillan*, 10 Ala. 583; *Dunn v. Davis*, 12 Ala. 135; 13 Ala. 370.

3. A deed of trust for the property is such title as will sustain the action of detinue.—*Magee v. Carpenter*, 4 Ala. 469; *Parsons v. Boyd*, 20 Ala. 112.

4. The defendant in detinue can not show an outstanding title in a third person, without connecting himself with it.—*McCurry v. Hooper*, 12 Ala. 823.

JUDGE, J.—1. In *Rupert & Cassity v. Elston's Executor*, (35 Ala. 79,) our statutes and previous decisions, relating to the abatement and revivor of actions, are reviewed. STONE, J., in delivering the opinion of the court in that case, said : " These statutes were construed at an early day ; and it was held that, in cases where there were more plaintiffs or defendants than one, then the death of a part of the plaintiffs or defendants did not authorize the joining of the representative of a deceased party, as a co-plaintiff or co-defendant with the survivor or survivors. The proper rule, in such case, was said to be, to abate the suit as to the deceased party or parties, and permit the litigation, in case the cause of action survived, to proceed in the names of the surviving parties.—*Beebe & Brewer v. Miller*, Minor, 364; *Gayle v. Agee*, 4 Porter, 507 ; *Gregg v. Bethea*, 6 Porter, 9. The principle thus early settled has withstood the scrutiny of thirty-five years, and has never been departed from. We have no disposition to unsettle a principle which has been so long acquiesced in, and which has so frequently been the basis of judicial action in the courts of original jurisdiction."

It was contended by counsel in that case, that section 2146 of the Code, relating to the abatement and revivor of actions, had substantially departed from the former statutes on the same subject, and required the establishment of a different rule. But the court held otherwise, and declared that that section of the Code, being general in its terms,

must receive the same construction in every form of action which survives. We are satisfied with the exposition of the law as made in the case above cited; and it follows, that the court below did not err in refusing to permit the action as against Parker, to be revived against his personal representative.

The argument, that the refusal to permit the revivor deprives the administratrix of the security the law gives her in the statutory bond of the plaintiffs to re-deliver the property sued for, and pay damages for its detention, in case they fail in the action, seems to be predicated upon the idea, that none but a statutory judgment can be rendered on such a bond, in case of its forfeiture. The fact that, if no statutory judgment can be rendered in such case, the bond may nevertheless, if forfeited, be enforced as a common-law obligation, deprives this argument of its force. *Savage v. Gunter*, 32 Ala. 467.

2. The record informs us, that the plaintiffs had never been in the actual possession of the vessel sued for, previous to the commencement of the action. Their right to a recovery seems to have been based upon the title alone. A plaintiff in detinue, occupying such a position, must resort to proof of his title, in order to show his right of possession; (*Reese v. Harris*, 27 Ala. 301); and in every such case, the defendant may show a superior outstanding title in a third person, without connecting himself therewith, unless he is prevented from so doing by some matter or thing amounting in law to an *estoppel;* as in *Miller v. Jones' Adm'r*, 29 Ala. 174, and *Gardner v. Boothe*, 31 Ala. 186.

When the case of *Miller v. Jones*, above cited, was first before this court, GOLDTHWAITE, J., in delivering the opinion of the court, said: "It is certainly true, that in the action of detinue, the plaintiff may recover upon possession alone, against any one who has not as good a right to the possession as himself. He recovers on the right he has to have the thing delivered to him. Where the possession alone would entitle the plaintiff to a recovery, we do not see how the other party could defeat it by proving title in a stranger, unless he connected himself with it, thus proving that he had the better right. But, where the claim is

based, not upon possession, but on the title, there the claim may always be disproved by showing that the title is not in the plaintiff, but in another. Thus, if the plaintiff was to show that he was the owner at a period anterior to the suit, the defendant might well show that he had parted with the title before the commencement of the action, and thus defeat a recovery, not by showing any right in himself, but by proving that the other party did not occupy a position that would entitle him to recover."—26 Ala. 247.

This exposition of the law meets with our approval, and is not in conflict with any of the previous or subsequent decisions of this court upon the same question.—*Sims v. Boynton*, 32 Ala. 353, and cases there cited ; *Hall v. Chapman's Adm'rs*, 35 Ala. 553 ; *Gardner v. Boothe*, 31 Ala. 186 ; *Lucas v. Daniels*, 34 Ala. 188. It results, that the court below erred in ruling out the evidence offered by the defendant to establish a title to the property sued for in the administratrix of Parker.

3. The bill of exceptions does not purport to set out the whole of the evidence which related to the title of the plaintiffs ; and therefore, we can not undertake to pronounce whether it was superior or inferior to the outstanding title proposed to be shown by the defendant. But, if, on another trial, the plaintiffs' title should be made to rest exclusively on the mortgage to them from Burroughs, and no *actual notice* of its existence should be shown to Parker prior to the accrual of Parker's title, then the title of the latter, as set out in the bill of exceptions, if real and *bona fide*, would, in law, be the superior title.

An act of congress of July 29, 1850, provides as follows : "No bill of sale, mortgage, hypothecation, or conveyance of any vessel, or part of any vessel of the United States, shall be valid against any person, other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof ; unless such bill of sale, mortgage, hypothecation, or conveyance, be recorded in the office of the collector of the customs where such vessel is registered or enrolled : *Provided*, that the lien by bottomry on any vessel created during her voyage, by a loan of money or materials, necessary to repair or enable such vessel to prosecute

a voyage, shall not lose its priority, or be in any way affected by the provisions of this act.—9 U. S. Stat. 440 ; 1 Brightly's Digest, 833, § 44.

The provisions of the act of congress above quoted, it has been held, come within the power conferred by the constitution upon congress, to regulate commerce.—*Mitchell v. Steelman*, 8 California, 363, and cases there cited.

The mortgage of the plaintiffs was executed and acknowledged before a justice of the peace in Mobile county, and recorded in the office of the probate judge of said county, but no where else ; nor is the date of its admission to record shown. To defeat subsequent creditors and purchasers without " *actual notice*" of its existence, the act of congress, as we understand it, requires that it should have been recorded in the custom-house at Mobile, where it is shown the vessel had been registered. The alleged mortgage from Burroughs to Parker, though subsequent in date, is averred to have been thus recorded, which made the lien created by it perfect, and superior to the lien of the plaintiffs under the mortgage to them ; and in addition to this, it was proposed to be shown by the defendant, that Parker had acquired the absolute title to the vessel, by a purchase thereof at a sale under execution against Burroughs in the State of Louisiana.

4. In the admission of the evidence of the sale of the vessel by the plaintiffs, and its purchase by the defendant Foster, after the plaintiffs had acquired the possession thereof under the bond given by them in the action, the court erred. This evidence was wholly irrelevant, under the pleadings in the case, and illegal for the purpose for which it was admitted.

5. It appears from the record, that no pleas were filed in writing, but that the general issue only was considered as pleaded. The general issue in the action of detinue, is *non detinet.*—3 Chitty's Pl. 1023. This plea puts in issue the right of the plaintiff to recover. As was held by this court, in *Walker v. Fenner*, (20 Ala. 192,) to entitle a plaintiff in detinue to recover, he must show that the defendant, either at the time of the demand made, or, in the event there was no demand, at the time the writ was sued out, had the ac-

tual possession, or the controlling power over the property; unless, having the possesion anterior to such demand or suit, he has wrongfully, or to elude the plaintiff's action, parted with it; or unless he holds it under a contract of bailment, the terms of which he violates by refusing to re-, deliver it.—See, also, *McArthur v. Carrie's Adm'r*, 32 Ala. 75 *Fenner v. Kirkman*, 26 Ala. 650; *Harris v. Hillman*, 26 Ala. 380. Such being the well settled law, the circuit court erred in the qualification given to the charge requested by the defendant.

As what we have said will probably be decisive of the case on another trial, we deem it unnecessary to notice any other question presented by the record.

Judgment reversed, and cause remanded.