# Gilbreath v. Jones.

### Trover for Conversion of Framed Buildings.

1. *Conclusiveness of judgment.*—The principle established by the *Duchess of Kingston's case*, as to the conclusiveness of a former judgment between the parties, though a strict rule, is recognized as a judicial axiom ; each ingredient is an essential element of the rule—the parties must be the same, the subject-matter the same, the point must be directly in issue, and the judgment must be rendered on that point ; and if any one of these elements is wanting, the judgment is not conclusive in a subsequent action.

2. *Abatement and revivor of action, in trover.*—In trover against two, the death of one of them operates a severance, and the action can not be revived against his personal representative ; and if revived, the order of revivor may be set aside at a subsequent term.

3. *Plea of former recovery.*—In trover for the conversion of chattels, a plea of former recovery in detinue, not alleging that the question of ownership entered into the issue on the former trial, and was then decided, and not negativing the idea that the recovery in that case was because of a failure to prove the defendant's possession, is fatally defective ; and if a deceased defendant in the action of trover, as to whom the action has abated, was the defendant in the detinue suit, the plea is fatally defective, because the parties are not the same.

4. *Detinue lies against whom.*—An action of detinue can only be maintained against a person who was in possession at the commencement of the suit.

5. *Remedies against tortfeasors.*—When a person has a cause of action against several tortfeasors, and sues one or more in detinue, he is not thereby precluded from suing them, or either or any of them, jointly with the others, in trover.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. LOUIS WYETH.

This action was brought by John T. Gilbreath, against Robert A. Jones and Mrs. Delia Jones, to recover damages for the alleged conversion by them, "on or about the 20th day of June, 1868, of the following chattels, to-wit : two framed buildings or houses, known as ' Federal Hospital Buildings,' and one post and plank fence, the property of plaintiff ;" and was commenced on the 3d March, 1874." At the March term, 1875, the death of Mrs. Delia Jones was suggested by the plaintiff, and leave was granted him to revive against her personal representative, when known, and the cause was afterwards revived accordingly ; but, at the trial term, the order of revivor was set aside by the court, against the plaintiff's objection, and an order entered abat-

[Gilbreath v. Jones.]

ing the suit as to her.   The defendants jointly pleaded, 1st, not guilty ; 2d, former recovery by 'Mrs. Delia Jones, in an action of trover instituted against her by plaintiff, for the same cause of action ; 3d, former recovery by Mrs. Jones, in an action of detinue instituted against her by said plaintiff. The record does not show whether these pleas were filed before the death of Mrs. Jones was suggested, or after the order of revivor against her personal representative : but, after the order of revivor was vacated, and an order entered abating the suit as to Mrs. Jones, as the bill of exceptions states, " the pleadings were amended so as to conform to said rulings of the court ;" and though the pleas are twice copied in the record, they are in the same words, the second and third being as follows:

2.   " For further answer to the complaint, by leave of the court, defendants say, that said plaintiff, heretofore, to-wit, on the 15th March, 1870, in the Circuit Court of said county of Jackson, impleaded the defendant Delia Jones, for the conversion of the chattels in his said complaint mentioned ; and thereupon said defendant pleaded, that she was not guilty of the conversion of said chattels ; and issue was joined on the said plea, between the said plaintiff and the said defendant ; and thereupon, at," &c., " the said issue came on to be tried by a jury," &c., " who, upon the said trial, then and there, upon their oaths found that the said defendant was not guilty of the alleged conversion ; and thereupon it was by the court considered and adjudged, that said plaintiff should take nothing by his said complaint," &c., " as by the record and proceedings of said judgment, remaining unreversed and unvacated, will more fully appear.   And defendants say, that the alleged conversion in said complaint mentioned is the same identical conversion," &c.

3.   " And for further answer to said complaint defendants say, that heretofore, to-wit, on the 15th day of March, 1870, in the Circuit Court of said county of Jackson, said plaintiff impleaded the defendant Delia Jones, for the unlawful detention of the said chattels in said complaint mentioned, in an action of detinue ; and thereupon the defendant pleaded, that she was not guilty of the detention of said chattels ; and on said plea issue was joined, between said plaintiff and defendant ; and thereupon, at," &c., " the said issue came on to be tried, in due course of law, by a jury," &c., " who, then and there, upon their oaths found that said defendant was not guilty of said alleged detention ; and thereupon it was by the court adjudged and considered, that said plaintiff should take nothing by his complaint," &c., " as by the record and proceedings of the said judgment, remaining in said court unre-

versed and unvacated, will more fully appear, which record is made a part of this plea. And defendants say, that the conversion in said plaintiff's complaint is the same detention, and none other, alleged by the plaintiff in the aforesaid suit, commenced, tried and determined as aforesaid, in said action of detinue."

The plaintiff took issue on the first plea, and demurred to the second and third, assigning the following causes of demurrer to the third: "1. Because said record specially pleaded is vague, uncertain, and indefinite, in this: that said plea does not show any cause why plaintiff should not recover, and is not an answer to the complaint. 2. Because it does not set out in full a transcript of the former proceedings referred to, that the court might determine as to the facts. 3. Because said plea does not show that said former cause is for one and the same cause of action, and that satisfaction had been made to the plaintiff for the conversion of said property mentioned in the complaint in said former proceeding. 4. Because said plea is not in conformity to the rules of practice, and fails to inform the court in the premises." The court overruled the demurrers to both of these pleas, and the plaintiff then replied to them, " that said suit against Delia Jones was detinue, and not in trover, as this action is ; and that the failure to recover against said Delia Jones was because the proof showed she was not in the possession of the property at the time the suit was instituted, nor at the time of the service of process, and that said trial against her was not upon the merits of said cause." The court overruled a demurrer to this replication, and issue being then joined upon it, as the bill of exceptions states, "the cause was submitted to the jury, upon the following state of facts, agreed on for the purposes of this trial."

"On the 15th March, 1870, plaintiff brought suit in detinue against said Delia Jones, one of the co-defendants and tort-feasors sued in this action of trover ; and on the 23d day of March, 1873, a trial was had in said suit against said Delia Jones, and the verdict of the jury was for the defendant, because said Delia Jones, as the proof showed, was not, at the time of the institution of said suit, or at the time of executing the process in said cause, in the possession of the property sued for. On the 3d day of March, 1874, the plaintiff brought this present action of trover, against said Delia Jones and Robert A. Jones, one of her co-tortfeasors. Both actions were brought in regard to the same property, the first in detinue, and the second in trover. No satisfaction, release, or any thing the law deems equivalent thereto, was ever made or tendered to the plaintiff, by the said Delia Jones, or

[Gilbreath v. Jones.]

Robert A. Jones, or by any other person for them or either of them. Said action of detinue, and said action of trover, were for one and the same wrong done to the goods and chattels of the plaintiffs by these tortfeasors."

"Thereupon, the court charged the jury, that if they believed, from the evidence, that the plaintiff had theretofore elected to bring a suit in detinue against Delia Jones, one of the tortfeasors, he could not afterwards bring or maintain a suit, either in trover, detinue, or trespass, against said Delia Jones and her co-tortfeasor, or any of the other tortfeasors jointly with her, the said Delia Jones; that he, having elected originally to pursue Delia Jones, could not thereafter pursue the other tortfeasors jointly with her; and that by reason of the joinder of said Delia Jones as a defendant, in this action of trover, with Robert A. Jones, he could plead the same as a bar to this action. To which charge the plaintiff excepted."

The judgment vacating the order of revivor, the rulings of the court on the pleadings, and the charge to the jury, are now assigned as error.

·L. C. COULSON, for appellant, cited *Spivey v. Morris*, 18 Ala. 254; *DuBose v. Marx*, 52 Ala. 506; *Bowman v. Teal*, 23 Wendell, 306; *Bayliss v. Usher*, 4 Moore & P. 790; *Lovejoy v. Murray*, 3 Wallace, 1; *Blann v. Crocheron*, 19 Ala. 647; *S. C.*, 20 Ala. 320; *Drake v. Mitchell*, 3 East, 250; *Lovett v. Smith*, 7 Ala. 180; *Eads v. Murphy*, 52 Ala. 520.

JASPER J. JONES, *contra*, cited Freeman on Judgments, §§ 336, 246, 249, 253-6, 259; Chitty's Pleadings, 198; *Pace v. Dossey*, 1 Stew. 20; *Burgess v. Suggs*, 2 Stew. & P. 341; 2 Smith's Lead. Cases, 673-86.

STONE, J.—In the opinion of the judges, given in the *Duchess of Kingston's case* (2 Smith's Lead. Cases, 609 [573],) is the following language, given as the result of the numerous decisions, relative to judgments being given in evidence in civil suits: "That the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence conclusive, between the same parties, upon the same matter, directly in question in another court." It can not be overlooked, that this language lays down a strict rule; yet, it is supported alike by reason and authority. The parties must be the same, the subject-matter the same, the point must be directly in question, and the judgment must be rendered on that point. Any of these ingredients wanting, the defense fails. The sentence quoted above has been adopted, both by text-writers and judicial tribunals, and has come to

[Gilbreath v. Jones.]

be recognized as a judicial axiom.—*McCravey v. Remson*, 19 Ala. 430; *Miller v. Jones*, 29 Ala. 174; 1 Greenl. Ev. §§ 528-9; Freem. on Judgments, § 258.

In *Chamberlain v. Gaillard*, 26 Ala. 504, this court said: "The rule is, that judgments are final and conclusive between the parties, when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but that they are equally as conclusive upon all the facts which were necessarily involved in the issue; and although the particular matter is not necessarily involved in the issue, yet, if the issue is broad enough to cover it, and it actually arose, and was determined, it may then be connected with the record by evidence *aliunde.*   *   *   In the plea we are considering, however, there is no allegation that the question of ownership entered into the issue of the former action.   *   * The court, therefore, could not say, from an inspection of the record alone, that the ownership of the slave was necessarily involved in the action referred to in the plea; and there was, for that reason, no error in sustaining the demurrer."

The present suit is trover against two, Mrs. Jones and R. A. Jones. True, Mrs. Jones died, by which the suit became abated as to her, and it then became an action against R. A. Jones alone. Trover being an action in tort, joint and several in its nature, when one defendant died, it operated a severance, and there is no authority in the law for bringing in the representative of the deceased co-defendant (Code of 1876, § 2912; *Foster v. Chamberlain*, 41 Ala. 158); and the Circuit Court did not err in vacating the order of revivor. *Rupert v. Elston*, 35 Ala. 79.

The defense the two special pleas attempt to raise is former recovery; that Gilbreath, the plaintiff, had previously brought an action of detinue against Delia Jones, the deceased defendant, for the unlawful detention of the chattels sued for in this action; that there was issue formed, and a jury, verdict and judgment for the defendant; and " the conversion in the said plaintiff's complaint is the same identical detention, and none other, alleged by the said plaintiff in the aforesaid suit, commenced, tried and determined as aforesaid, in said action of detinue." Comparing this defense with the sound rules declared in *Chamberlain v. Gaillard, supra*, it is fatally defective, in several respects. "There is no allegation that the question of ownership entered into the issue of the former action;" and the averments of the plea fail to show that that issue must have been passed upon, in the former trial. Another fatal objection to these pleas is, that a jury and verdict in favor of Mrs. Jones can not, on any correct principle, be

treated as decisive of plaintiff's right of recovery against R. A. Jones.

But, there is a conclusive objection to the defense attempted, in this : Detinue can be maintained only on proof that defendant was in possession when the suit was brought. The averments of the pleas do not negative the idea, that Mrs. Jones recovered because there was a failure to make that proof.—*Wittick v. Traun,* 27 Ala. 562; *Haynes v. Crutchfield,* 7 Ala. 189 ; *Fenner v. Kirkman,* 26 Ala. 650. The rule in trover is different.—*Gray v. Crocheron,* 8 Porter, 191 ; *Freeman v. Scurlock,* 27 Ala. 407.

The demurrer to the special pleas should have been sustained. The Circuit Court also erred, in the rule declared in the charge given.

Reversed and remanded,