# Henderson *v.* Holland.

*Trespass and Trover.*

(Decided April 19, 1911. 55 South. 323.)

1. *Judgment; Res Adjudicata; Pleas.*—Where the action was in trover for conversion of a bale of cotton pleas setting up a former judgment against this plaintiff in an action by plaintiff against a third person, even if showing that defendant so connected himself with the defense of that action as to be entitled to the benefit of the judgment, do not show an adjudication against plaintiff's claim or title, since one plea indicated that the former suit was detinue for the cotton and did not negative the conclusion that the judgment was because of a failure to prove possession of the cotton in the defendant in that suit; while the other plea described the former action as one for conversion of the cotton but did not negative the conclusion that the judgment was because of a failure to prove a taking or conversion by such defendant.

[Henderson v. Holland.]

2. *Trover and Conversion; Damages; Instruction.*—The jury should not be instructed that the plaintiff was entitled to recover the highest market price of the article converted between the time of the taking and of the trial, as it is discretionary with the jury, having due regard for the circumstances to assess damages in trover at the highest market value of the article at any time between the conversion and the trial, or at an amount not less than its value at the date of the conversion with interest, or at any amount within such limit.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by J. E. Holland against J. J. Henderson in trover and trespass for a bale of cotton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 2 is as follows: "Now comes the defendant, and for answer to the complaint pleads and says: That the title to this bale of cotton, the subject of this suit, has heretofore been tried in the justice court of M. W. Coleman, a justice of the peace at Albertville, Marshall county, a court of the same jurisdiction as this court; that said suit was between the same plaintiff and defendant, that the suit was brought by plaintiff against the Albertville Mercantile Company for the same bale of cotton or its value, and the said bale of cotton having been sold by this defendant to the Albertville Mercantile Company, the said company called on the defendant, J. J. Henderson, from whom they bought said bale of cotton, to defend his title or claim to said cotton for them; and this defendant thereupon made himself defendant in said suit, went into trial on the merits of the case, and the plaintiff and the defendant offered evidence in support of their respective claims, and the court, after hearing the evidence and the argument, considered the case, and found judgment in favor of the defendant under the law and evidence offered by the party, which judgment is duly rendered upon the merits of the case, and no appeal was taken from said judg-

ment; and the defendant says that plaintiff is bound or concluded by the former judgment of the court." Amended plea 2 sets out the fact that the trial was had on the 5th day of December, 1908, in an action of trover in the justice court of M. W. Coleman, a justice of the peace in Marshall county, a court of competent jurisdiction, and then states the facts as stated in the former suit, with the conclusion that defendant avers that this suit is for the conversion for the same bale of cotton, and the evidence on this trial and the issues here involved will, under the first plea here filed, be the same as was heard in the court of said Coleman.

GEORGE W. DARDEN, for appellant. The court erred in sustaining demurrer to the pleas of res judicata.— *Tarleton v. Johnson*, 25 Ala. 300; *Knowles v. Marrable*, 50 Ala. 368. The court erred in its charge as to the measure of damages.

T. B. RUSSELL, for appellee. No brief came to the Reporter.

WALKER, P. J.—The appellant, defendant below, by two special pleas—his second plea, and his second amended plea—sought to set up as an adjudication against the claim of the plaintiff asserted in this suit the result of a previous suit brought by the same plaintiff against the Albertville Mercantile Company; each of the pleas alleging in substance that the defendant, who had sold the bale of cotton in controversy to the Albertville Mercantile Company, took charge of and conducted the defense in that suit as though it had been brought against himself, and that judgment was rendered in that case in favor of the defendant therein. Assuming that the pleas show that defendant so connected himself with the defense of that former suit as

[Henderson v. Holland.]

to be entitled to claim for himself the benefit of the judg-
ment therein, yet it must be held that neither of the
pleas shows that the result in that case was an adjudi-
cation against the claim asserted by the plaintiff in this
suit. The averments of the second plea indicate that
the former suit was an action of detinue for the bale of
cotton. The second amended plea describes the former
suit as an action for the conversion of the bale of cotton.
The first mentioned plea does not negative the conclu-
sion that judgment was rendered for the defendant be-
cause of a failure to prove possession of the cotton by
the defendant in the suit; and the second mentioned
plea does not negative the conclusion that there was
judgment for defendant in that suit because of a failure
to prove a taking or conversion by it of the cotton in
question. For anything that appears in either of those
pleas, the former judgment against the plaintiff may
have been the result of his failure to prove a fact nec-
essary to be proved to entitle him to judgment in that
case, but which he is not required to establish in this
suit against another party, though this suit relates to
the same personal property which was the subject of
controversy in the former suit. At any rate, neither
of those special pleas shows an adjudication against
plaintiff's claim or title to the bale of cotton mentioned
in this suit; and there was no error in sustaining the
demurrers to the pleas.—*Gilbreath v. Jones*, 66 Ala.
129..

There was evidence as to the highest market price
of cotton between the time of the alleged conversion
and the date of the trial. In the oral charge to the
jury the trial court instructed them that "under the
law, if the plaintiff is entitled to recover at all, he is
entitled to the highest market price for cotton since the
day it was taken to the present time," and the defend-

ant duly excepted to this part of the charge. In actions for the conversion of personal property which is of a fluctuating value, it is competent to prove the highest market price of the article at any time between the date of conversion and the time of the trial; but it is discretionary with the jury to assess the damages of the plaintiff at a sum based on the highest market price, or on a price not less than the value of the article at the date of the conversion, with interest on the amount so ascertained.—*Boutwell et al. v. Parker & Co.*, 124 Ala. 341, 27 South. 309; *Burks v. Hubbard*, 69 Ala. 379; *Loeb & Bro. v. Flash Bros.*, 65 Ala. 526. In such case the law vests the jury with a discretion in assessing the damages at any amount within the limits stated. In the exercise of that discretion they should have regard to the circumstances of the case before them. The conversion proved may have been inadvertent; and the defendant may not have reaped benefit from it beyond the market price of the article; or it may have been willful or wanton, and have been the means of enabling the defendant to get for himself the highest market price for the property of another, or of depriving the owner of the benefit of a rise in price. It is to enable them to adjust their assessment of damages to such varying situations that the jury is accorded a discretionary power in this matter. The right to exercise such discretion was denied them by the instruction above quoted. The action of the trial court was erroneous.

This error requiring a reversal of the judgment, it is not necessary to consider other questions presented.

Reversed and remanded.