(102 So. 596)

## NAPIER v. MAY.   (4 Div. 933.)

(Court of Appeals of Alabama.   Jan. 13, 1925.)

1. Evidence ⬗502—Trial ⬗86—Cross-examination as to value of new car radiator, in action for conversion of old, held admissible to test knowledge and could not be excluded in toto.

In action for conversion of car skeleton, cross-examination of defendant's witness as to value of new car radiator like old one, *held* admissible to test extent of witness' knowledge, and though defendant might have had it limited to such purpose, it could not be excluded in toto.

2. Trover and conversion ⬗49—Highest market value between date of conversion and time of trial may be shown.

In action for conversion of property of fluctuating value, highest market price between date of conversion and time of trial may be shown, though market value at time of conversion with interest is prima facie the measure of damages.

3. Trover and conversion ⬗9(5) — Demand unnecessary where assumption of property wrongful.

Demand is not necessary to constitute conversion where assumption of property was wrongful.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action in trover and trespass by John A. May against Chilton S. Napier. From a judgment for plaintiff, defendant appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The measure of damage, if the value of the property is not fluctuating, is the value at the time of conversion, with interest. Evidence of the value of the radiator when

new was inadmissible. Linam v. Reeves, 68 Ala. 89; Mattingly v. Houston, 167 Ala. 167, 52 So. 78; N., C. & St. L. v. Karthaus, 150 Ala. 633, 43 So. 791; Howton v. Mathias, 197 Ala. 457, 73 So. 92; Boutwell v. Parker, 124 Ala. 341, 27 So. 309; 38 Cyc. 1125, 2094, 2099, 2100. Defendant was in the rightful possession of a part of the property, and a demand upon him was necessary before recovery could be had by plaintiff. Boutwell v. Parker, supra.

Mullins & Martin, of Dothan, for appellee.

There was no error in the ruling of the court permitting cross-examination by plaintiff of the witness Keyton. Rhodes Co. v. Weeden, 108 Ala. 252, 19 So. 318; Davis v. Hays, 89 Ala. 563, 8 So. 131; Stoudenmeier v. Williamson, 29 Ala. 558; Fralick v. Presley, 29 Ala. 457, 65 Am. Dec. 413. There is no error in refusal of a charge covered by the oral charge of the court. Acts 1915, p. 815. Defendant's possession was unlawful, and no demand was necessary. Black v. Slocumb Mule Co., 8 Ala. App. 440, 62 So. 308.

FOSTER, J. This was a suit in trover and trespass by appellee against appellant to recover damages as for the conversion of the skeleton of a Cadillac automobile. The automobile was burned in August, 1922, and the incombustible part was removed, or said to be converted, several months thereafter. The plaintiff had judgment in the sum of $150, from which judgment the defendant prosecutes this appeal.

[1] There was no error in the trial court's allowing the witness Keyton on cross-examination to testify as to the value of a new radiator of an automobile like the one which was burned. There was no attempt on the part of the plaintiff by this cross-examination to prove the value of the burned radiator, or to recover damages as for the value of a new radiator. This testimony was brought out on cross-examination, and was certainly admissible for the purpose of testing the extent and accuracy of the witness' information and knowledge of radiators of automobiles. The defendant had introduced him as a witness to testify as to the value of the radiator in question, and the plaintiff of course had a right to cross-question in the manner and for the purposes as shown by the record. The defendant could, if he had desired, have had the testimony limited to the purposes for which it was relevant, but the record does not show that it was offered for improper purposes, and, being admissible for one purpose, it could not be excluded in toto.

[2] In actions of trover, where the plaintiff proves a wrongful conversion, the measure of plaintiff's damages is prima facie the market value of the property at the time of the conversion and interest thereon to the date of trial, but where the property is of a fluctuating value, it is competent to prove the highest market price of the article converted at any time between the date of conversion and the time of the trial. Massey v. Fain, 1 Ala. App. 426, 55 So. 936; Henderson v. Holland, 1 Ala. App. 404, 55 So. 323, and cases there cited.

[3] In actions of trover, where there has been a wrongful assumption of property by the defendant, which of itself constitutes a conversion, no demand is necessary before the suit is brought. It is only where a demand and a refusal are necessary to constitute a conversion that the demand is necessary. Dixie v. Harrison, 163 Ala. 312, 50 So. 284; Peoples S. B. & T. Co. v. Huttig Mfg. Co., 1 Ala. App. 398, 55 So. 929.

There was no error in the trial court's refusing to give either one of the defendant's two requested charges. The first was the affirmative charge, to which, of course, the defendant was not entitled, and as to which there is no real or valid insistence. The other charge was also properly refused, because it was in the nature of an argument, and, moreover, the court, in its oral charge, fully stated the law of the case sought to be raised by this charge. Consequently, no possible injury could have resulted to the defendant because of the refusal of this charge.

Finding no reversible error in the record, the judgment of the trial court must be affirmed.

Affirmed.