[Street v. Selig.]

# Street v. Selig.

*Bill in Equity to enforce Resulting Trust in Judgment, and enjoin Garnishment Proceeding.*

1. *Where bill may be filed; who is material defendant.*—A judgment on an assigned claim having been rendered, by mistake of the attorney, in favor of the assignor, instead of the assignee, and a non-resident creditor of the assignor seeking to subject the debt by garnishment; a bill in equity by the assignee, against the debtor, the non-resident creditor, and the attorney who recovered the judgment, seeking to enjoin the garnishment, to establish a resulting trust in the judgment, and an account of the amount due the attorney, whose lien was admitted, can not be filed in the district in which the attorney resides, he not being a material defendant (Code, § 3421), but must be filed in the district of the debtor's residence.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 8th June, 1889, by J. Selig, against Merit Street, Hockstadter Brothers, merchants doing business as partners in New York City, and Knox & Bowie, attorneys at law doing business as partners; and sought (1) to establish the complainant's rights as the owner of a judgment against Street, which had been recovered, by mistake, in the name of Cohen & Selig, after complainant had become the owner of the claim by assignment; (2) to enjoin a garnishment proceeding by Hockstadter Bros., seeking to condemn the debt; and (3) to have an account stated of the amount due Knox & Bowie, as attorneys, for professional services in recovering the judgment, their lien being admitted. A demurrer was filed by Street, and also by Hockstadter Brothers, on the ground that the bill, as shown on its face, was filed in the wrong district; and they also submitted a motion to dismiss it on the same ground. The chancellor overruled the demurrer and the motion, and his decree is here assigned as error.

W. D. BULGER, for appellants.—The bill was filed in the wrong district, because Bowie was not a material defendant. Code, § 3421; *Lewis v. Elrod*, 38 Ala. 17; *Harwell v. Lehman Durr & Co.*, 72 Ala. 344. The want of jurisdiction appearing on the face of the bill, the objection was properly taken by demurrer.—*Bolling v. Munchus*, 65 Ala. 558; *Campbell v. Crawford*, 63 Ala. 392.

[Street v. Selig.]

KNOX & BOWIE, *contra.*—Bowie was a material defendant, having an interest in the litigated fund, and being a party to the account; and if not material, he is certainly a proper party, and there is no material resident defendant. Street can not be regarded as a material defendant, since no relief is prayed against him, and he can not be injured by the decree rendered: whether the debt belongs to complainant, or is subject to the garnishment of Hockstadter Brothers, his liability is the same.—*Waddell v. Lanier & Hopkins,* 54 Ala. 440; *Harwell v. Lehman, Durr & Co.,* 72 Ala. 344.

McCLELLAN, J.—The case presented by the bill is this: Merit Street was indebted to Cohen & Selig in the sum of about eight hundred dollars. That firm failed, and made a general assignment, among the assets assigned being their claim against Street. This claim was transferred by the assignee to J. Selig, for value. J. Selig put the account in the hands of Bowden & Knox, attorneys, for collection. By a mistake of the clerk of J. Selig, the statement of account sent to the attorneys was on a bill-head of Cohen & Selig, and, supposing from this fact that the claim belonged to that firm, the attorneys instituted suit on it in their name. This mistake was not discovered until an action in the name of J. Selig was barred by the statute of limitations. The pending action was prosecuted to judgment with the consent of Emil Selig, and in his name, as surviving partner of Cohen & Selig, and with full knowledge on the part of Street that the claim belonged to J. Selig, and was being vicariously prosecuted in his interest. Some time after judgment, Hockstadter Brothers, a firm resident in the city and State of New York, instituted suit against Emil Selig, as surviving partner of Cohen & Selig, in the Circuit Court of Jefferson county, and summoned Street to answer whether he was indebted to the firm of Cohen & Selig. Street answered the indebtedness evidenced by the judgment referred to, but made no suggestion of the beneficial ownership of that judgment in J. Selig, a fact which the averments of the bill clearly show he had knowledge of. Knox & Bowie, successors to Bowden & Knox, had a lien on the judgment for professional services rendered in recovering it. The purpose of the bill is to enjoin the suit in the Jefferson Circuit Court, in which it is sought to subject the proceeds of the judgment to the payment of the Hockstadters' claim against Cohen & Selig; to declare the lien of Knox & Bowie for ser-

vices, and have an account taken as to the amount of their fees, and to have a resulting trust in the balance of the judgment against Street, declared in favor of, and "the right and title" to said judgment vested in J. Selig. J. Selig is sole complainant, and Hockstadter Brothers, Emil Selig, surviving partner, &c., John B. Knox and Sidney J. Bowie, composing the firm of Knox & Bowie, and Merit Street, are made parties defendant. All the defendants, except Knox & Bowie and Street, are non-residents of the State. Of the latter, Knox resides in Calhoun county, Bowie in Talladega, and Street in Clay county, in this State. The bill is filed in the Chancery Court of Talladega county where the defendant Bowie alone resides.

The first assignment of demurrer raises the inquiry, whether the bill was filed in the proper district. So much of the statute as bears upon this inquiry provides, that "the bill must be filed in the district in which the defendants, or a material defendant resides."—Code, § 3421. In construing this statute, it has been held that, in case no material defendant is a resident of the State, the suit may proceed in the district of the residence of any proper defendant.—*Waddell v. Lanier*, 54 Ala. 440. Sidney J. Bowie, in the district of whose residence the cause is pending, is a proper, but not a material or necessary party defendant. He has a lien on the proceeds of the judgment in question, to the amount of his fee for services rendered in recovering the judgment, which would not in any degree be affected by the determination of the real matter in controversy. Whether the judgment is decreed to be the property of Emil Selig, surviving partner, &c., or J. Selig, and, of consequence, whether a resulting trust in it be declared in favor of J. Selig, or the debt for which it was rendered be subjected to the claim of Hockstadter Bros., the lien of Bowie would still attach to it, and his right in the premises would remain unimpaired. Necessary parties, as defined by Judge Story, are "those concerning whom no decree can be made affecting the subject-matter of litigation until they are before the court, either as plaintiffs, or as defendants, or where the defendants already before the court have such an interest in having them made parties as to authorize those defendants to object to proceeding without such parties."—Story's Eq. Pl. § 136. It is manifest that the substantive relief sought by J. Selig, the complainant, could be granted without Bowie's being heard; and it is equally clear, that no other defendant in the cause has any

right to object to proceeding in his absence. He was, therefore, not a material party, within the statute referred to, and the bill was improperly filed in the district of his residence, if the other defendant resident in the State was a necessary party. Our opinion is, that Street was a material defendant. The relief prayed, while it may not, if granted, add one cent to his ultimate liability, yet fixes that liability, and gives definite direction to it, so to speak. As the case now stands, the judgment against him is, in effect, claimed by two parties, and nominally by a third. It stands in the name of Emil Selig, surviving partner, &c.; Hockstadter Bros. claimed the proceeds of it, as creditors of Cohen & Selig; and J. Selig claimed to be the equitable and beneficial owner of it, as a purchaser of the debt for which it was rendered, from Cohen & Selig. The conflict between these claimants, moreover, is accentuated, and Street's peril of enforced double payment made more critical, by the garnishment proceedings now pending against him, ancillary to the suit of Hockstadter Brothers against Emil Selig, which is sought to be enjoined. It is very clear, we think, that Street is a necessary, as distinguished from a merely proper party to this bill, which seeks to determine these several conflicting claims to the sum which he originally owed Cohen & Selig, and in effect to have a decree passed relieving him from liability to Emil Selig, and from the alleged liability now in process of judicial ascertainment in the suit at law, to Hockstadter Bros. as creditors of Cohen & Selig, and adjudging the debt which he confessedly owed to one or another of the parties, to be due to the complainant. It is quite true, that no decree is prayed against him. The court is not asked to adjudge, in terms, that he pay the judgment to the complainant. But that is the substance and effect of the relief sought, and we are unable to see that it could be granted with respect to the subject-matter involved, so as to protect, as well as to finally conclude him, without being afforded an opportunity to be heard.

On the facts, and from these views, it follows that the bill should have been exhibited in the district of Street's residence, he being a material defendant, and the only material defendant resident in the state.—*Lehman, Durr & Co. v. Harwell,* 72 Ala. 544; *Waddell v. Lanier,* 54 Ala. 440.

As the bill will have to be dismissed in the court below, on the point considered, it is unnecessary to discuss the remaining assignments of demurrer.

[East v. Worthington & Co ]

For the error pointed out, the decree of the Chancery Court is reversed, and the cause remanded.