96  617
104  370

PATRICK KENNEY v. FREDERICK T. RANNEY.

*Trover—Action against receiver.*

A receiver of mortgaged property should see to it that he sells none but the property covered by the mortgage, under an order of the court for its sale; and an action of trover may be brought against him for the value of other property held by the mortgagor as bailee, and delivered to the receiver, without demand and without leave of the court.

Error to Wayne. (Reilly, J.)  Submitted on briefs June 28, 1893.  Decided July 26, 1893.

Trover.  Defendant brings error.  Affirmed.  The facts are stated in the opinion.

*Griffin & Warner,* for appellant.

*Durbin Newton,* for plaintiff.

HOOKER, C. J.  Ryan Bros., of Detroit, dealers in knit goods, were succeeded by the Peninsular Knitting Works, of which John T. Ryan was vice-president, which, becoming involved, on April 1, 1891, gave a mortgage upon its stock and property to one Balch to secure two notes, of $30,- 101.03 and $15,000, respectively.  On April 9 proceedings were begun in chancery to foreclose this mortgage, and defendant was appointed receiver, and ultimately sold the property mortgaged, by order of court.

The plaintiff is a dealer in yarn at Chicago, and had an arrangement with Ryan Bros. to send them yarn subject to their approval, to be returned if they did not subsequently agree upon a price.  Plaintiff, being ignorant of the change in the firm of Ryan Bros., sent them a bundle of yarn under the arrangement.  It was received by the Peninsular

Knitting Works about a week before the foreclosure proceedings were begun, and was set aside by Ryan as plaintiff's property. It was subsequently sold with the other property by the receiver, and the plaintiff brings trover against him.

Defendant's counsel contend that his receivership protects him from an action, without leave of court first obtained; but this appears to be in conflict with the case of *Gutsch v. McIlhargey,* 69 Mich. 377, where it was held that an officer of court obtains no immunity from liability for a tort by reason of his office.

It is also claimed that the jury should have been instructed that if the receiver sold in ignorance of plaintiff's ownership, and turned over the money as directed by the court, before notice, he was not liable. The court did instruct the jury that if Ryan did not notify, or attempt to notify, defendant of plaintiff's ownership, a verdict should be rendered for the defendant. Under the proofs, this must have been understood by the jury as a direction that defendant could not be found guilty of the conversion if he acted in the belief that the yarn belonged to the Knitting Works, and was covered by the mortgage; and this was quite as favorable an instruction as the defendant was entitled to. We understand it to be the settled law that when one, by a trespass, takes the property of another, and sells it, he is liable for the conversion, and that no demand is necessary, and the question of good or bad faith is not necessarily involved. This doctrine is applied daily in cases against sheriffs and constables, where property is unlawfully seized and sold upon execution. The defendant wrongfully took property of the plaintiff, and sold it. It is not a defense to say, "I supposed I had authority to do so." He should have seen to it that he sold no property except that mortgaged. *Gibbons v. Farwell,* 63 Mich. 344; *Pingree v. Railroad Co.,* 66 Id. 148; *Allen v. Kinyon,* 41 Id. 281; *Scudder v. Ander-*

*son,* 54 Id. 122; *Hake v. Buell,* 50 Id. 89; *Daggett v. Davis,* 53 Id. 35.

We find no error in the record, and the judgment will be affirmed.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.