# Danforth *v.* McElroy.

### *Action of Detinue.*

1. *Gambling contracts void.*—By force of the statute gambling contracts are void, and invalidity follows the contract into the hands of a *bona fide* holder for value.

2. *Warehouse receipts; when not contracts.*—In respect of their use as authorized by statute—Code, § 4222—in the disposition of property, warehouse receipts are not contracts; hence

[Danforth v. McElroy.]

the transfer of a warehouse receipt for cotton, made by virtue of the statute, by one who acquired it by gambling to another, who was ignorant of the consideration of the first transfer, is not the transfer of a void contract, but the transfer of the cotton itself specified in the receipt.

3. *Transferror of warehouse receipt when estopped to deny consideration of his transfer.*—If the original owner of a warehouse receipt indorses and delivers it to another, and that other transfers it for a valuable consideration to one who is ignorant of the consideration of the first transfer, the original owner is held to have induced the second purchase by his indorsement, and is estopped to assert as against the second transferree the claim which he might have asserted against his immediate transferree, that the transfer was for a gambling considration.

4. *Warehouse receipts; transferable in blank.*—Warehouse receipts may be transferred by indorsement in blank; and if one is so transferred by the original owner, his transferree may again transfer it by delivery only.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. S. J. BANKS.

Lizzie McElroy brought suit in detinue for one bale of cotton. She became possessed of the warehouse receipt for the cotton for a valuable consideration, and without knowledge of the manner in which her transferror obtained it. The defendant in the suit suggested that A. P. Danforth claim the cotton sued for. He appeared in the case and filed his plea, alleging that the cotton was his, and that his endorsement of the receipt was made in fulfilling a gambling contract. The cause was tried by the court without a jury; and judgment was rendered for the plaintiff. The claimant appeals and assigns as error the rendition of the judgment.

V. L. ALLEN, for appellant.—(1). An endorsement to the party holding a warehouse receipt is necessary under our statute to give the right to sue.—Code, Sec. 4222. (2). The transfer and endorsement are void under our Code, because made for a gambling consideration; Mrs. McElroy cannot set up her ignorance of this fact.—*Ivy v. Nicks,* 14 Ala. 564; *Manning v. Manning,* 8 Ala. 138; *Finn v. Barclay,* 15 Ala. 624; *Brewer & Holly v. Morgan,* 13 Ala. 551; *Whitlock v. Heard,* 16 Ala. 336.

[Danforth v. McElroy.]

No brief for appellee came to the hands of the reporter.

SHARPE, J.—By force of the statute gambling contracts are void, and it has been held that invalidity follows the contract into the hands of a *bona fide* holder for value.—*Hawley v. Bibb,* 69 Ala. 52.

In respect of their use as authorized by statute in the disposition of property warehouse receipts are not contracts. By the statute unless stamped "not negotiable," they "may be transferred by the indorsement thereof, and any person to whom the same is transferred must be deemed and taken to be the owner of the things or property therein specified so far as to give validity to any pledge, lien or transfer made or created by such person."—Code, § 4222. In such use the receipts do not represent money or value, but are the representatives of property, symbolizing its delivery into the possession of the assignee, investing him with such rights as it is the intention of the parties to pass in the property itself.— *Commercial Bank of Selma v. Hurt,* 99 Ala. 130.

The agreed statement of facts shows that the warehouse receipts for the cotton in suit was transferred by the claimant Danforth to Grey in payment of a gambling debt, that thereafter Grey sold and transferred it without further indorsement to the plaintiff, and that the receipt "had on it only the indorsement of Danforth." The facts do not otherwise show the form of the indorsement, but since an indorsement is made by writing the transferror's name only the statement that the receipt had on it only the indorsement of Danforth is equivalent to the statement that the indorsement was in blank. As in the case of other instruments which may be transferred by indorsement, such blank indorsement carried with it authority to the plaintiff to complete the form of transfer to herself, and no further indorsement by Gray or Danforth was necessary.

The facts further show that the plaintiff bought for value and without notice that Grey's requisition rested upon a gambling consideration. The transfer to her under the claimant's indorsement was precisely of the character to which the statute in terms gives validity.

[Gassenheimer, *et al.* v. Kellogg & Shedden.]

It was not the transfer of a void contract, but a transfer to the plaintiff of the cotton specified in the receipt. The purchase having been induced by the claimant's indorsement, he is estopped to assert as against the plaintiff the claim which under the statute he might have asserted against Grey.

The judgment of the circuit court will be affirmed.