# Boutwell *et al. v.* Parker & Co.

### *Action of Trover.*

124 341
130 434

124 341
135 300

124 341
139 651

1.  *Trover; measure of damages in.*—It is a general rule in trover
    that when the property has a fixed value the measure of dam-
    ages is that value at the time of the conversion, with interest,
    but if the value has risen after the conversion the jury may
    at discretion take the higher value as it may be shown to
    exist at any time between the conversion and the trial.
2.  *Same.*—Where there has been no return of the property or other
    special defense in reduction of damages, the discretion al-
    lowed the jury in trover in assessing damages does not ex-
    tend to taking a value lower than that applying at the time
    of the conversion.   Hence, where the plaintiff's evidence of
    value was confined to the time the property was taken, the
    offer by the defendant to show the condition of the property
    a year after the taking was properly rejected.
3.  *State's lien to purchaser at invalid sale does not apply to per-
    sonal property; nor does it give right of possession.*—The
    statute which passes the State's lien to a purchaser of land
    at an invalid tax sale, Code 1886 § 597, does not apply to sale
    of personal property; nor does the lien provided for give the
    right of possession of the property, but only the right to have
    it enforced by appropriate suit.
4.  *Conversion; what is.*—If personal property is taken out of the
    hands of a bailee of the owner and removed, the removal is a
    conversion in the absence of a valid right to the property or
    its possession on the part of the party so removing it.  A con-
    version may be by the wrongful assumption of dominion over
    property of another in subversion and denial of his rights.
5.  *Demand in trover; when unnecessary.*—Where personal prop-
    erty is wrongfully taken no demand is necessary to maintain
    trover.   It is only where the possession has been rightfully

[Boutwell et al. v. Parker & Co.]

with the defendant and the property remains with him, that demand must be made and refused in order to characterize the detention as wrongful.

APPEAL from Pike Circuit Court.

Tried before Hon. J. W. FOSTER.

A. G. Parker & Co. sued Boutwell & Son in trover for conversion of certain machinery claimed to be the property of the plaintiffs. The property was in the possession of a bailee of the plaintiffs when the defendants took it and carried it away, claiming the right so to do by virtue of a purchase by them at a void tax sale.

WORTHY, FOSTER & CARROLL, for appellants, contended that the defendants having a lien because of their purchase at a void tax sale, were not wrongful takers, and that a demand was necessary to sustain this action. *Strauss v. Schwab*, 104 Ala. 672.

R. L. HARMON, *contra*, contended that no demand was necessary.—*Rhodes v. Lowry*, 54 Ala. 4; *Wright v. Spencer*, 1 Stew. 576; *Glaze v. McMillian*, 7 Por. 279. (2). Lien from void tax sale no defense.—*Andrews v. Ware*, 6 Atl. Rep. 48; *Williams v. Smith*, 153 Pa. St. 462.

SHARPE, J.—In trover it is a general rule to which this case forms no exception, that when the property has a fixed value the measure of damages is that value at the time of the conversion, with interest; but if the value has risen after the conversion the jury may at discretion take the higher value as it may be shown to exist at any time between the conversion and the trial.—*Loeb & Bro. v. Flash Bros.*, 65 Ala. 526; *Jenkins v. McConico*, 26 Ala. 213; *Burks v. Hubbard*, 69 Ala. 379; *Williams v. Crim*, 27 Ala. 468; *Liman v. Reeves*, 68 Ala. 89. The reason for allowing the jury to assess damages according to the increased value is to prevent any benefit to the defendant from his wrongful act. Where there has been no return of the property or other special defense in reduction of damages, the discretion allowed the jury in such case does not extend to taking a value lower than that applying at the time of the conversion.—*Burks v. Hubbard, supra.*

Here the plaintiff's evidence of value was confined to the time the property was taken and defendants' were not entitled to show that afterwards the condition of the property was altered or its value decreased. Such subsequent condition was immaterial unless in connection with proof whereby it could be made to throw light upon the value at the time of the taking. Isaac Boutwell testified minutely of the condition and value of the engine and boiler as existing about two weeks before and about a month after the taking. His estimate of values at that time was not based or dependent upon knowledge of subsequent conditions. The offer to show by him the condition of the engine a year after the taking was properly rejected.

The defendant's purchase of the property at tax sale is conceded by them to have been invalid; but they insist that under section 597 of the Code of 1886 they acquired a lien which entitled them to possession. That section passes the State's lien to a purchaser of land at an invalid tax sale, but this property is not land, and there is no proof tending to show that it was ever so attached to the land as to become part of it. Moreover the lien if any they had, gave no right to the possession of the property, but could only have been enforced by an appropriate suit.

The proof shows that the property in suit originally belonged to the plaintiffs who had left it in the possession of one Dennis as their bailee; that defendants were about to take charge of and remove the property in plaintiffs' absence when Dennis told them that it "belonged to the plaintiffs and that they had better not move it." That they persisted and removed the property from the town where it was situated and thereafter sold it. The removal in itself under the circumstances constituted a conversion in the absence of a valid right to the property or its possession on the part of defendants. A conversion may be by the wrongful assumption of dominion over property of another in subversion and denial of his rights.—*Bolling v. Kirby,* 90 Ala. 215; *Connor v. Allen,* 33 Ala. 515.

In such case no demand for the property is necessary to make a conversion. It is only where the possession

has been rightfully with the defendant and afterwards the property remains with him, that demand must be made and refused in order to characterize the detention as wrongful.—*Haas v. Taylor*, 80 Ala. 459; *Glaze v. Mc-Million*, 7 Port. 279; *Rhodes v. Lowry*, 54 Ala. 4.

Under these principles and upon the undisputed proof the plaintiffs were entitled to recover and there was no error in refusing the affirmative charge to the defendants or in giving that requested by the plaintiffs.

Affirmed.