# Bank of Dothan *v.* Dawsey & Co.

## *Action against Warehouseman.*

1. *Action upon warehouse receipts; can be maintained by trans-feree.*—Under the provisions of the statute, (Code, § 4222), the transferee of a warehouse receipt upon which the words "not negotiable" are not plainly written or stamped, can maintain an action against the warehouseman for his failure to deliver the property therein specified, or for his wrongful disposition of the property without surrender of said receipt.

2. *Action upon warehouse receipt; sufficiency of complaint.*—In an action against a warehouseman by the transferee of his warehouse receipt, upon which the words "not negotiable" are not plainly written or stamped, to recover damages for the wrongful disposition of the property therein specified, a complaint which avers that the plaintiff advanced money on said receipt, but which fails to allege to whom the plaintiff advanced the money and fails to aver to whom the receipt was endorsed, is insufficient and subject to demurrer.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellant, Bank of Dothan, against J. F. Dawsey & Co., warehousemen.

The complaint as amended contained three counts. The first count was withdrawn by the plaintiff. The second and third counts were as follows: "Count No. 2. Plaintiff claims of the defendant the further sum of $225.00 for that in the fall and winter of 1897 defendants were warehousemen in the town of Dothan, and defendants issued on receipt of 8 bales of cotton their warehouse receipt for the same, and on which were not endorsed 'Not Negotiable,' and that plaintiff became the transferee for value of said receipts; that defendant in violation of law and regardless of the existence of such outstanding receipts released, shipped or otherwise dis-

posed of or surrendered the cotton so received, thereby destroying plaintiff's lien upon said cotton and causing him to wholly lose the amount invested therein by him, and he avers that said cotton was disposed of by defendant without the surrender or cancellation of said receipts and in utter disregard of the rights of the holder thereof, to his injury as aforesaid."

"Count No. 3. Plaintiff claims of the defendant the further sum of two hundred and twenty-five dollars damages for that during the fall and winter of 1897, defendants were warehousemen in the town of Dothan, Alabama, and as such warehousemen issued three receipts for eight bales of cotton, then stored in their warehouse, on which said receipts the words 'not negotiable' were not plainly written nor stamped; that plaintiff after the issuance of said receipts by defendant without any knowledge that defendants had already delivered, shipped or released the cotton aforesaid, advanced money thereon to the holder of same and that said receipts were transferred by endorsement thereof to said plaintiff as security for the money so advanced thereon; that defendants disregarding the interests and rights and lien of plaintiffs in and to the said cotton for which they had issued said receipts, delivered, released, shipped or otherwise disposed of the cotton specified in said receipts wrongfully and in violation of law without the delivery to them and cancellation of said receipts, and plaintiff avers that by said wrongful act of the defendant as aforesaid, plaintiffs were rendered unable and powerless to enforce its said lien upon the cotton specified in said receipt as aforesaid, whereby he sustained great injury and damage as aforesaid in the sum of two hundred and twenty-five dollars."

To the second and third counts the defendant demurred separately and severally upon the following grounds: "1. Because said count fails to allege any facts showing that plaintiff had a lien on or right to said cotton referred to in said count. 2. Said count fails to allege sufficient facts to show that plaintiff had a lien on or a right to said cotton mentioned in said count. 3. Said count fails to allege that on said receipt that the words 'not negotiable' were plainly written or stamped on said receipt. 4. Said

count fails to allege to whom plaintiff advanced the money on said receipts. 5. Said count fails to allege. to whom said receipts were issued. 6. Said count fails to allege that plaintiff acquired said receipts without a notice of the fact the cotton described therein had already been delivered when plaintiff acquired said receipts. 7. Said count fails to set forth the contents of said receipts. 8. Said count fails to set forth any facts which showed that said receipts were as provided for or contemplated in section 4222 of the Code of 1896 under which this suit is brought."

The court sustained the demurrers to each of the second and third counts, and the plaintiff declining to plead further, judgment was rendered for the defendant.

The plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrers to the complaint.

R. D. CRAWFORD, for appellant, cited *Jasper Trust Co. v. K. C., M. & B. R. R. Co.*, 99 Ala. 416; *Southern Express Co. v. Bank of Tupelo*, 108 Ala. 517.

ESPY & FARMER, contra, cited *Baker v. Malone & Son*, 126 Ala. 510; *Guilfuss v. Corrigan*, 60 Amer. St. Rep. 143; *Sinshimmer v. Whitley*, 52 Amer. St. Rep. 192; *Bolling v. Kirby*, 90 Ala. 215; *Davis v. Hurt*, 114 Ala. 146; Code, § 4222.

HARALSON, J.—The first count was withdrawn by the plaintiff. The second and third were demurred to on the same grounds, which demurrers being sustained, the plaintiff made known to the court that it declined to proceed further, and judgment was rendered discharging defendants, and against plaintiff for costs.

The first, second and eighth grounds of demurrer were general, and require no consideration.

The statute provides, that "The receipt of a warehouseman on which the words 'not negotiable' are not plainly written or stamped, may be transferred by the indorsement thereof, and any person to whom the same is transferred must be deemed and taken as the owner of the thing or property therein specified so far as to

give validity to any pledge, lien or transfer made or created by such person."—Code, § 4222. This receipt, as is held, does not represent money or value, but represents the property mentioned in it, symbolizing its delivery into the possession of the assignee, investing him with such rights as it is the intention of the parties to pass in the property itself.—*Danforth v. McElroy*, 121 Ala. 106.

The third ground of demurrer is, that the counts fail to allege that on the receipts for the cotton the words "not negotiable" were plainly written or stamped. But the second count does aver that these words were not indorsed on said receipts. and the third, that they "were not plainly written nor stamped" thereon. The receipts, therefore, under the provisions of said section 4222 of the Code were capable of being transferred by the indorsement thereof, so as to make the transferee the owner of the same for the purposes specified in the statute.

The fourth and fifth grounds are, the one, that the counts fail to allege to whom plaintiff advanced the money on said receipts, and the other, that there is a failure of averment as to whom the receipts were indorsed.

These grounds were well taken. Good pleading as well as the evident purpose of the statute require that the defendants should be made aware in the counts of the traversable facts on which the plaintiff relies for recovery, so that it might the better prepare to make defense. In respect to the matters suggested on demurrer, the pleader seems to have proceeded in the averments of the counts with cautious indefiniteness.—*McInnis v. Robun*, 1 Port. 386; 6 Ency. Pl. & Pr. 249.

The demurrers were properly sustained.

Affirmed.