# Milner & Kettig Co. *v.* DeLoach Mill Manufacturing Co.

## *Action of Trespass and Trover.*

1. *Action of trover; bona fide purchase no defense.*—It is no de- fense to an action of trover that the defendant was the pur- chaser of the property involved in a suit for value and with- out notice of the rights of the real owner.

2. *Sale under attachment; caveat emptor applies.*—In buying at a sheriff's sale under attachment, the doctrine of *caveat emptor* applies; and a purchaser acquired no greater title than the defendant in attachment had at the time of the sale.

3. *Trover; levy of attachment; when property not in custody of the law.*—Where, at the time of the levy of an attachment, the property seized does not belong to the defendant in at- tachment, but to another party who has the legal title to said property and the right to its immediate possession, the levy of the attachment is illegal, and the property seized there- under is not *in gremio legis;* and the real owner of the prop-

[Milner & Kettig Co. v. DeLoach Mill Manufacturing Co.]

erty can maintain an action of trover against the one who purchases said propertw at the sheriff's sale under attachment.

4. *Conversion; what constitutes.*—Any interference or intermeddling with the property of another, or the exercise of dominion over it, whether by a third person alone or in connection with others, in denial of the owner's right, constitutes a conversion of said property, for which trover can be maintained, although such person had not a complete manucaption of the property.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

This action was brought by the appellee, the DeLoach Mill Manufacturing Company, a corporation, against the appellant, the Milner & Kettig Company, a corporation.

The complaint as originally filed contained several counts, some of which were in trespass, seeking to recover damages for the wrongful taking by the defendant of an engine and boiler and fixtures, and the others in trover seeking to recover damages for the alleged conversion by said defendant of said engine, boiler and fixtures.

There were several counts added, in which the plaintiff set out the fact that the property described had been wrongfully levied upon under a writ of attachment sued out by the defendant against one Gross; that at the time the attachment was levied upon said property, it was the property of the plaintiff, and that by reason of the levy of said attachment and the sale thereunder, said property was wholly lost to the plaintiff.

The defendant filed several pleas. Under the opinion on the present appeal, it is unnecessary to set out the 12th plea. The 10th, 11th, and 13th pleas were in words and figures as follows: "10. The defendant for further answer to each count of said complaint says it is not guilty.

"11. The defendant for further answer to said complaint and each count thereof denies each and every allegation thereof."

[Milner & Kettig Co. v. DeLoach Mill Manufacturing Co.]

"13. The defendant for further answer to the complaint, and each count thereof, says that plaintiff sold said property consisting of an engine and boiler described in the complaint to one F. M. Gross in Atlanta, Ga., in the month of January, 1898, and shipped said property from Erie, Pa., to said Gross at Kennedy, Ala., and said property was reshipped to Fayette, Ala., and arrived at Fayette, in Fayette county, Ala., on Feb. 2 4th, 1898, and said property remained on the cars until it was attached as hereinafter stated; that on, to-wit, March 1st, 1898, plaintiff entered into a written agreement with said Gross, in which it is stated that said property belonged to said Gross, that said Gross exhibited said agreement to the agent and representative of the defendant and thereby caused defendant to sue out an attachment against said Gross and attach said property as the property of said Gross; that said Gross claimed to own said property from and after its shipment into the State, and offered it for sale as his property, and defendant had no notice of plaintiff's claim to said property. Defendant under said attachment against said Gross became a judgment creditor of said Gross and sold said property under said attachment."

To the several pleas the plaintiff filed, among others, the following replications:

"Fourth. And plaintiff for further answer to each of the pleas of the defendant herein, except those numbered 1, 2, 5, 10, and 11, alleges that all the title notes mentioned in said pleas were surrendered to the said Gross on, to-wit, the 18th day of March, 1898, and the said Gross on said date sold, assigned and transferred all his right, title and interest in and to the property mentioned in the complaint to plaintiff, and the same remained upon the cars at Fayette, Alabama, and at the time of said levies said property was wholly the property of plaintiff, and the said Gross had no right, title or interest thereto.

"Fifth. Plaintiff, further replying to the thirteenth plea, and in answer thereto, says that on the 18th day of March, 1898, after said written agreement was entered into, the said Gross sold, assigned and surrendered to plaintiff all his right, title and interest to said

property, and the same remained on the cars of the railroad, and the said Gross was not in the possession of it, nor was he the owner thereof, at the time of said levy by defendant."

To the fourth and fifth replications the defendant demurred upon the following grounds: "(1.) Because it shows that no notice of said sale back to plaintiff by said Gross was given to plaintiff. (2.) Because it shows that no notice was given by change of possession of property from said Gross to plaintiff. (3.) Because it is no answer to the estoppel set up in said plea number 13. (4.) Because it neither confesses and avoids nor traverses said plea number 13. (5.) Because it fails to show any notice to the defendant of sale back by Gross to plaintiff on March 18, 1898. (6.) Because it fails to show that delivery of said property was made to plaintiff by said Gross in the sale of March 18, 1898."

The demurrers to the replications were overruled.

The cause was tried upon an agreed statement of facts, the substance of which is sufficiently stated in the opinion. Upon the facts as agreed upon, the court, at the request of the plaintiff, instructed the jury as follows: "If the jury believe all the evidence, they will find a verdict for the plaintiff, and assess the damages at the agreed value of the engine and boiler together, with interest, at (8%) eight per cent. per annum, from the date of the levy by defendant, until the trial." To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings upon the pleadings, and the giving of the charge requested by the plaintiff.

ROBERT C. REDUS, for appellant.—The plaintiff was not entitled to recover under the counts in trover. It was necessary for him to show the right to the immediate possession of the property at the time of the alleged conversion. The proof shows that, on the contrary, said property was in the hands of the constable and presumable, rightfully so, *in gremio legis;* hence the right to immediate possession is shown to be in the constable,

[Milner & Kettig Co. v. DeLoach Mill Manufacturing Co.]

and the plaintiff can not recover.—23 Ency. Pl. & Pr.
(1st ed.), 1037, 1039; *Fields v. Brice,* 108 Ala. 622; 2
Mayfield's Dig. 562, §§ 27, 28.

R. P. WETMORE and SAMUEL WILDER, *contra.*—Under
the undisputed evidence in the case, the plaintiff was
entitled to recovery for the conversion of its property.
The sheriff was the agent of the appellant, and when he
obtained the possession of the property from the con-
stable for the purpose of sale under appellant's attach-
ment, and sold it under both the Peters and appellant's
attachment, the appellant was guilty of conversion of
the property.—*Vandiver v. Pollak,* 107 Ala. 547.

The destruction or unauthorized disposition of appel-
lee's property by appellant was a conversion of the same
and made the appellant liable under the count in trover.
*Boutwell v. Parker,* 124 Ala. 341; *Hass v. Taylor,* 80
Ala. 459; *Bolling v. Kirby,* 90 Ala. 215; *May v. O'Neal,*
125 Ala. 620; 21 Ency. of Pl. & Pr., 1014, sub. II and
authorities cited to note 4 under Alabama. It is no de-
fense to an action of trover that some one converted the
property before appellant.—*Warren v. Burnett,* 83 Ala.
208. It is no defense to an action of trover that the ap-
pellant was a purchaser for value and without notice
of the rights of the real owner.—26 Am. & Eng. Ency.
Law, 731. And, where property is taken wrongly and
tortuously, and by the wrong-doer sold, even to an inno-
cent purchaser, the owner may maintain trover without
previous demand on the purchaser.—*Rossau v. Hodges,*
9 L. R. A. 817 and notes; *Braswell v. McDonald,* 74 Ga.
319.

HARALSON, J.—The case was tried on issue joined
on the pleas 10 and 11, which were pleas of not guilty,
and on replications 4 and 5 to plea 13. A demurrer was
interposed to the 12th plea, as appears by the judgment
entry and was sustained, but the demurrer does not ap-
pear in the record.

The demurrer to replications 4 and 5 to plea 13, were
properly overruled. If the property levied on by the
defendant, under attachment, as is averred in the repli-

cations, was, at the time of the levy, wholly the property of plaintiff, and Gross, against whom the defendant had recovered a judgment, in its attachment proceedings, had, at that time, no right, title or interest therein, then the defendant's levy and sale of the property under its attachment; conferred no title on it, as against the plaintiff, and the replications were a full answer to said plea 13.

The evidence fully sustains these replications. From the agreement of counsel as to the facts on which the case was tried, it appears, that in January, 1898, the plaintiff contracted in Atlanta, Georgia, to sell to F. M. Gross the property mentioned in the complaint. Gross gave his notes for the property purchased, and in them, it was specified that the plaintiff retain the title to the property until the same was paid for.

On March 18, 1898, Gross surrenders and assigns to plaintiff all his right, title and interest to the property sued for, which release and surrender was in writing and duly executed. By this agreement, the sale by plaintiff was rescinded and the plaintiff became, on the 18th of March, 1898, the absolute and unconditional owner of the property, divested of all claims of Gross thereto, and of all the incidents attaching to a conditional sale. The question of conditional sale, therefore, and the protec-'ion of defendant as a *bona fide* purchaser of the prop erty without notice of plaintiff's title, as provided for in section 1017 of the Code, does not arise, and requires no consideration. It is no defense generally to the action of trover, that the defendant is a purchaser for value, and without notice of the rights of the real owner.—26 Am. & Eng. Ency. Law (1st ed.), 731. The title to the property being absolutely in the plaintiff, which was entitled to its immediate possession, it was attached by the defendant and one Peters, judgment creditors of ...id Gross, and their writs of attachment were levied on it as the property of said Gross, and it was sold under said attachments as his property,—the defendant becoming the purchaser. In buying at the sheriff's sale under attachment against Gross, *caveat emptor* applied, and defendant acquired no greater title than Gross had at

the time of the sale; and under the facts of the case as agreed on, he had no title.—*Goodbar v. Daniel,* 88 Ala. 533; *Lindsay v. Cooper,* 94 Ala. 178; *Clemmons v. Cox,* 114 Ala. 350; *Ezzell v. Brown,* 121 Ala. 150.

The attachment of Peters was levied on the property by a constable, that of defendant by a sheriff, who took the property, and sold it under both attachments, the defendant being the purchaser. On the undisputed facts, the plaintiff had the legal title to the property, and the right to its immedaite possession, and the possession of the constable and sheriff under the attachment writs, being illegal, the property was not, as contended by defendant, in the custody of the law.—*Bissell v. Lindsay,* 9 Ala. 162; *The Governor v. Gibson,* 14 Ala. 326, 331 : *Easly v. Dye,* 14 Ala. 158, 166; Freeman on Ex. § 268. "Any intermeddling with the property of another, or the exercise of dominion over it, whether by the defendant alone or in connection with others, in denial of the owner's rights, is a conversion, though the defendant had not (himself) the complete manucaption of the property.—*Bolling v. Kirby,* 90 Ala. 215; *Boutwell v. Parker,* 124 Ala. 341.

If there was any error in overruling the demurrer to plea 12, it was error without injury, since the defendant in the trial, had the benefit under other pleas of the defense set up in that plea.

The court charged the jury, that if they believed the evidence, they would find a verdict for the plaintiff, and assess the damages at the agreed value of the engine and boiler, with interest from the date of the levy by defendant until the trial, and in this charge we have been unable to discover any error.

Affirmed.