# Peoples Savings Bank & Trust Co. v. Huttig Manufacturing Co.

## *Trover.*

(Decided June 30, 1911. 55 South. 929.)

1. *Warehouseman; Receipts; Transfer.*—A warehouse receipt, under section 6135, Code 1907, stands in lieu of the goods, and each transfer of it, is a symbolical delivery of possession of the goods.

2. *Pleading; Title; Right of Pledge.*—By taking possession of property hypothecated to him, in assertion of his own right, by another than the true owner, a pledgee becomes guilty of a conversion, though not knowing of the rights of the true owner since he takes at his own peril as regards ownership.

3. *Same; Property of Third Person; Conversion; Demand.*—Where another than the true owner of the goods pledges them to another it is not essential, to a conversion by the pledgee that such owner make demand therefor.

4. *Estoppel; Grounds; Clothing Another With Authority.*—Where the owner merely ships goods to another without passing title or ownership and the person to whom they are shipped places them in a warehouse taking the warehouse receipts in his own name, the true owner is not estopped to claim them as against one to whom the warehouse receipts are pledged by the person taking them.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Huttig Manufacturing Company against the People's Savings Bank & Trust Company for conversion. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is the same as that set out in the case of *Traders' National Bank v. Huttig Manufacturing Company, infra,* 55 South. 928. The special plea was as follows: "That the plaintiff corporation is a nonresident corporation, organized and existing under the laws of the state of Iowa, and that up to the time of the alleged injury complained of it had not complied with section 3642, Code of Alabama, enacted in pursuance of the provisions of the Constitution of Alabama relative to the doing of business in the state of Alabama, by corporations not organized under the laws of the state of Alabama, in which legislative act it is provided: (Here follow the provisions of the above section.) The Code further provides under section 3643 that the instrument hereinabove mentioned shall be filed in the office of the Secretary of State; section 3644 providing, further, that it is unlawful for any foreign corporation to engage in or transact any business in this state before filing the written instrument provided for in the two preceding sections. That the said plaintiff corporation, having no agent in the state of Alabama, or any designated place of doing business, shipped articles of its manufacture into this state to one J. C. Gould, enabling him, the said J. C. Gould, to place in storage in a warehouse or warehouses in the city of Birmingham, Ala., the product of the plaintiff company shipped to him. That the said J. C. Gould deposited in a warehouse or warehouses certain of these goods so shipped to him by the plaintiff company, took the warehouse receipts therefor in his

own name, and at about the time of the injury complained of in this cause borrowed a sum of money from the defendant, depositing as collateral thereto one or two of such warehouse receipts, and, failing to pay his said note at maturity, this defendant sold the said warehouse receipts and applied the proceeds of the sale to the payment of the note of the said Gould; and said plaintiff, having thus enabled the said Gould to occasion the loss, ought in equity and good conscience to sustain same, and the defendant had no notice of the claim of the plaintiff, previous to the bringing of this suit, and no demand was ever made upon it, either for said roof-·ing or said receipt, and defendant never had actual possession of said roofing." The facts stated in the plea were admitted as true, and the other facts are as appears in the case of *Traders' National Bank v. This Plaintiff.*

A. LATADY, for appellant. Never having had the actual custody or control of the articles, but only of the warehouse receipts, there was no actual conversion and under the circumstances here disclosed, the action cannot be maintained except upon a demand made by the true owner of the articles alleged to have been convert·ed.—*C. Ry. & B. Co. v. Lampley,* 76 Ala. 367. Appellee put it in the power of Gould to perpetrate the fraud on both the appellant and the appellee, and appellee should suffer the consequent loss.—*Allen v. Maury & Co.,* 66 Ala. 19; *Noble v. Mosley,* 74 Ala. 620.

ALLEN & BELL, for appellee. The receipt of the warehouseman represents the goods and a transfer of it is tantamount to an actual delivery.—*Com. Bank v. Hurt,* 99 Ala. 135; *Dothan v. Dorsey,* 137 Ala. 587; *Danforth v. McKleroy,* 121 Ala. 106; *Weil v. Ponder,* 127 Ala. 299. There was such taking possession of goods in this

[Peoples Savings Bank & Trust Co. v. Huttig Manufacturing Co.]

case as to constitute a conversion.—*Bolling v. Kirby,* 90 Ala. 21; *Milner v. DeLoach,* 139 Ala. 645; *Bantwell v. Parks,* 134 Ala. 321. Where the taking is tortious, no demand is necessary.—Jaggard on Torts, 725; *Ensley v. Lewis,* 121 Ala. 94; *May v. O'Neal,* 125 Ala. 620.

PER CURIAM.—This is an action of trover, by the appellant against the appellee, for the conversion of certain roofing material described in the complaint. The facts are set out in the special plea (which will be copied in the statement of the case by the reporter), and the bill of exceptions states that it is admitted that said statement of facts is correct.

Under section 6135 of the Code of 1907, a warehouse receipt stands in lieu of the goods, and the transfer of the receipt is the delivery of the posession of the goods. —*Allen, Bethune & Co. v. Maury & Co.,* 66 Ala. 10, 18; *Commercial Bank of Selma v. Hurt,* 99 Ala. 130, 134 et seq., 12 South. 568, 19 L. R. A. 701, 42 Am. St. Rep. 38; *Danforth v. McElroy,* 121 Ala. 106, 108, 109, 25 South. 840; *Amer. Pig Iron Storage Warrant Co. v. German, Ex'x, et al.,* 126 Ala. 194, 242, 28 South. 603, 85 Am. St. Rep. 21; *Weil Bros. v. Ponder,* 127 Ala. 296, 300, 28 South. 656; *Merchants' Nat. Bank v. Bales,* 148 Ala. 279, 282, 41 South. 516. The original holder of the warehouse receipt, in this case, by virtue thereof, held the possession of the goods which it represented, and each transfer or hypothecation of the receipt operated as a symbolical delivery of the possession of the goods.

"One who buys property must, at his peril, ascertain the ownership, and if he buys of one who has no authority to sell, his taking possession, in denial of the owner's right, in a conversion."—2 Cooley on Torts (3d Ed.) p. 856 et seq., and notes; *Marx v. Nelms,* 95 Ala. 304, 10 South. 551. "Any distinct act of dominion wrong-

fully exerted over one's property, in denial of his right, or inconsistent with it, is a conversion."—2 Cooley on Torts (3d Ed.) 859; 2 Jaggard on Torts, p. 724; *Bolling v. Kirby & Bro.*, 90 Ala. 215, 222, 7 South. 914, 24 Am. St. Rep. 789; *Fields v. Copeland*, 121 Ala. 644, 649, 26 South. 491; *Boutwell et al. v. Parker & Co.*, 124 Ala. 341, 343, 27 South. 309; *Woods v. Rose & Co.*, 135 Ala. 297, 300, 33 South. 41; *Hunnicutt v. Higginbotham*, 138 Ala. 472, 475, 35 South. 469, 100 Am. St. Rep. 45; *Milner & Kettig Co. v. De Loach M. & Mfg. Co.*, 139 Ala. 645, 651, 36 South. 765, 101 Am. St. Rep. 63; *Staffsky v. Southern Railway Co.*, 143 Ala. 272, 274, 39 South. 132; *Henderson v. Foy*, 96 Ala. 205, 206, 11 South. 411. Some of the cases refer to the fact that the party adjudged guilty of conversion had knowledge of the rights of the true owner, but this is not necessary to constitute conversion. As stated in the first citation from Cooley on Torts, supra, he buys "at his peril."— *Milner & Kettig Co. v. De Loach M. & Mfg. Co.*, 139 Ala. 645, 650, 36 South. 765, 101 Am. St. Rep. 63; 2 Jaggard on Torts, p. 270; *Camody v. Portlock*, 12 South. 781, 782; *Kenney v. Ranney*, 96 Mich. 617, 55 N. W. 982, and cases cited.

The necessity for a demand does not exist where the conversion has taken place without regard to the demand, but only where the possession has been under a contract of purchase or otherwise, so that, by reason of invalidity, or from some other cause, the party delivering possession has a right to disregard or disaffirm the sale or delivery and demand the goods. In such case the conversion is not established until the demand and refusal.—*Cent. Railway & Banking Co. v. Lampley*, 76 Ala. 357, 367, 52 Am. Rep. 334; *King v. Franklin*, 132 Ala. 560, 566, 31 South. 467; *Moore v. Monroe Refrig. Co.*, 128 Ala. 621, 29 South. 337; *Strauss & Sons*

[Peoples Savings Bank & Trust Co. v. Huttig Manufacturing Co.]

*v. Schwab et al.,* 104 Ala. 669, 672, 16 South. 602; *Jesse French Piano & Organ Co. v. Johnston et al.,* 142 Ala. 419, 421, 37 South. 924. There was no necessity for a demand in this case, as the agreed statement of facts does not show that the goods were delivered under any contract, or sale, or agreement.

The next insistence by the appellant is that the plaintiff, having placed the goods in the hands of J. C. Gould, and thus clothed him with the apparent ownership of the goods, is estopped from claiming the same of one who, in good faith, has purchased the same from said Gould, on the principle that, where one of two innocent parties must suffer loss by the wrong of a third person, he who enabled the third person to commit the wrong must suffer the loss.

It is true that the owner of personal property may, by clothing another with the apparent title or ownership and authority over it, estop himself from claiming the property in the hands of a bona fide purchaser from the person so clothed; but in order to put in operation this estoppel "something more is required than mere possession on the part of the apparent owner. There must be a fraudulent or deceptive purpose in view, or implied from the special circumstances of the case, on the part of the true owner," or at least a knowledge on his part of the acts of ownership, from which his acquiescence may be inferred.—16 Cyc. 775, 776, and notes.

In our own case of *Allen, Bethune & Co. v. Maury & Co.,* 66 Ala. 10, 19, the owner "had procured the warehouse receipts to be taken in the name of Munter & Bro." In the case of *Noble v. Moses Bros.,* 74 Ala. 604, 619, 620, the daughter had clothed her father with the power of using her credit, had repeatedly signed notes and other securities relating to the farming business which he was conducting on her land, etc. In the case

of *Danforth v. McElroy,* 121 Ala. 106, 25 South. 840, the original owner of the warehouse receipt had indorsed and delivered it to another, thus clothing him with the apparent legal ownership of the cotton. In another case, where cotton was shipped to a factor, who stored it and took receipts in his own name, it was held that a pledge made by the factor was not superior to the rights of the true owner.—*Com'l Bank of Selma v. Hurt,* 99 Ala. 130, 134, 12 South. 568, 19 L. R. A. 701, 42 Am. St. Rep. 38. The statement of facts agreed on does not show such action on the part of the true owner of the goods in this case as to authorize the invoking of this equitable maxim in favor of the defendant.

The judgment of the court is affirmed.

Affirmed.

NOTE.—The foregoing opinion was prepared by Mr. Justice Simpson, of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.