# Traders National Bank *v.* Huttig Manufacturing Co.

### *Detinue.*

(Decided June 30, 1911.  55 South. 928.)

*Warehouseman; Receipts; Pledge; Conversion.*—Where one placed goods of another in a warehouse, took the warehouse receipts in his own name, then pledged the receipt to a third person as security for his own note, the conversion by the pledgee, consummated by such unauthorized hypothecation to it, was not excused or obliterated by it in turning over the receipts at the request of the maker of the note, on payment of the note, to others strangers to the true owners of the goods.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Huttig Manufacturing Company against the Traders' National Bank for conversion. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint declares in count 1 in detinue for 97 squares three-ply Huttig's roofing, together with the value of the hire or use thereof; in count 2, for damages for the conversion of the above-described property; and in count 3, for damages for the conversion of the property belonging to the plaintiff, alleged to have been se-

cured by the defendant upon warehouse receipts delivered to it by one J. C. Gould, who is alleged to have had no authority to act as the agent of the plaintiff in pledging the property or the warehouse receipts therefor, which pledge is alleged to have been made without the knowledge or consent of the plaintiff. The demurrers raise the question of a misjoinder of counts. To the third count the demurrers are that the conversion is shown to have been made by one Gould, if by any one, and because said count fails to aver any knowledge or notice to defendant, while said property was averred to be in its possession or control, of any claim or right thereto in the plaintiff. The pleas were not guilty, and that the plaintiff is a nonresident corporation doing business in Alabama, and has no designated place of business or designated agent in this state, upon whom service can be had, and that the plaintiff is a nonresident corporation doing business in Alabama without having license therefor as required by law.

The evidence tended to show that Gould borrowed $75 from the Traders' National Bank, and deposited as security the receipt of J. T. Camp Transfer & Warehouse Company for 97 rolls of three-ply Huttig roofing; that when the note became due it was paid off, and at his request all the papers were turned over to A. Green and A. W. Ryall; that at the time of the trial the bank had none of the papers under its control; that Mr. Gould represented himself as being the owner of the roofing, and the bank never knew anything of a Mr. Davis in the transaction; that the bank had never seen any of the papers since the note was paid off, and that it never directed the warehouse company to deliver the roofing to any one, nor had any conversation with the warehouse company or its agents at the time, and never heard of plaintiff's claim of the roofing until the bring-

ing of this suit. It further appeared that the plaintiff was a manufacturing concern having its place of business in Muscatine, Iowa, and that it has no place of business in Alabama, and no permanent resident agent here, and has paid no license to do business in Alabama; that it does a strictly interstate business, selling by sample only, and orders taken and goods shipped from the factory, and that the orders are charged on the books of the plaintiff in Muscatine, and the bills collected from that point; the purchaser being responsible to the manufacturer only. It is further shown that the goods claimed to have been converted were in the hands of or under control of an agent, who was authorized to sell only in the plaintiff's name, and they never authorized or knew of this transaction. The value of the goods was also shown.

JOHN H. MILLER, for appellant. Counsel discuss the errors assigned as to the pleading, but without citation of authority. A demand and unconditional refusal must be shown against the pledgee. If a bailee receives goods from one who he finds in possession of them and believes to be their owner or entitled to their possession, and subsequently redelivers them to him in good faith and without knowledge of the true owner, is not answerable to the owner for their conversion.—*Nelson v. Iverson,* 17 Ala. 216; *Marks v. Robinson,* 82 Ala. 83; *Gurley v. Armstead,* 148 Mass. 267; *Moore v. Monroe R. Co.,* 128 Ala. 621. A pledge must commit a tort before he is liable for one.—*Pippin v. Warehouse Co.,* 51 So. 882; *Hudson Bros. v. DuBose,* 85 Ala. 446, have no application. The special pleas were precisely proven.—104 Ala. 538; 101 Ala. 546; 100 Ala. 503; 117 Ala. 415; 121 Ala. 414; 127 Ala. 244; 133 Ala. 620.

B. M. ALLEN, for appellee. The delivery of the warehouse receipt vests the possession of the property in the pledgee just as if there had been an actual manual delivery, and a transfer of the receipt passes a special property and constructive possession into the person receiving the receipt.—*Commercial Bank v. Hurt,* 99 Ala. 315; *Marks v. Robinson,* 82 Ala. 77. As showing that plaintiff had a right to maintain trover or detinue the following cases are cited: *Street v. Nelson,* 80 Ala. 230; *Riddle v. Driver,* 12 Ala. 590; *Bir. M. Co. v. T. C. I. Co.,* 127 Ala. 147; *Leadbeatter v. Thomas,* 130 Ala. 299; *Cartledge v. Sloan,* 124 Ala. 596. That there was a conversion by the bank in this case see, *Bolliny v. Kirby,* 90 Ala. 221; *Milner v. DeLoach,* 137 Ala. 645; *Boutwell v. Parks,* 124 Ala. 321; *Freeman v. Spurlock,* 27 Ala. 407; *Conner v. Allen,* 37 Ala. 515; *Central Ry. v. Lamply,* 76 Ala. 368. The pleas set up no defense to this action.—*Milner v. Kettig,* 139 Ala. 645. There was nothing in the evidence to show that the plaintiff did business in this state, but his failure to have done so would not forfeit the property or its property right.—*Bard v. Publishing Co.,* 71 Ala. 60; *Cotton Seed O. Co. v. Wheelock,* 124 Ala. 367.

WALKER, P. J.—The propositions advanced in behalf of the appellant must be disposed of adversely to it on the authority of the ruling made in the case of *People's Savings Bank & Trust Co. v. Huttig Manufacturing Co., supra,* 55 South. 929. The present case is not differentiated in principle from the case referred to by the fact, disclosed in this case, that, on the payment of the note to the appellant, which was secured by the wrongfully obtained warehouse receipts representing the appellee's property, the warehouse receipts were by the appellant, at the request of the maker of the note, turn-

ed over to third persons, who were strangers to the appellee. That act did not obliterate the conversion which was consummated by the unauthorized hypothecation to the appellant. Indeed, that act itself would have amounted to a conversion of the appellee's property, without regard to what had gone before.

Affirmed.