(75 South. 174)

NATZKE v. STUART. (1 Div. 238.)

(Court of Appeals of Alabama. April 10, 1917. Rehearing Denied May 15, 1917.)·

PRINCIPAL AND AGENT ⊚⇒143(3)—RIGHTS OF—UNDISCLOSED PRINCIPAL.
Where plaintiff committed possession of a cow, with express authority to sell, to a third person who was to participate in the proceeds of the sale, and such third person sold the cow to defendant, who had dealt with him before, and on this occasion dealt with him as owner of the property without notice of his agency or that plaintiff was owner of the cow, plaintiff could not recover the cow in an action of det-. inue.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 504.]

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Detinue by George Stuart, Jr., against J. H. Natzke, for a cow. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

The agreed statement of facts are as follows: Defendant Natzke had dealt with Golding before, buying from him. The cow in question was traded by Golding to Natzke for a cord of wood, a heifer, and a hog, worth $45, collectively. Natzke had no knowledge that Golding, who had the cow with him, was not the owner of the cow. Golding delivered the cow to Natzke and took the bartered property with him at once. The cow was turned over by Stuart to Golding to take to Mobile, and sell it for cash for plaintiff Stuart, not less than $35, but so that Golding could get $5 for his trouble, the sum to $35 to come to Stuart net. Plaintiff had once before sold a calf to Golding for $5. Golding has gone away, and plaintiff has never got from Golding the bartered property he got in exchange for the cow, and has never ratified the trade made by Golding with Natzke, and now sues for the cow. Her value is agreed to be $45.

Boyles & Kohn, of Mobile, for appellant. D. B. Cobbs, of Mobile, for appellee.

BROWN, P. J. The agreed state of facts shows, not only that the plaintiff committed the possession of the cow in controversy to Golding, but that he gave Golding express authority to sell the cow; not only this, under the arrangement between plaintiff and Golding, Golding was given an interest in the property, or, at least, was to participate in the proceeds of the sale. The defendant had, on other occasions, bought of Golding, and on this occasion dealt with him as owner of the property, and without notice of his agency, or that plaintiff was owner of the cow.

We hold that the principles decisive of this case are stated in the following authorities: Bent v. Jerkins, 112 Ala. 485, 20 South. 655; People's Savings Bank & Trust Co. v. Huttig Mfg. Co., 1 Ala. App. 399, 55 South. 929. And that the plaintiff was not entitled to recover.

The judgment of the law and equity court is therefore reversed, and a judgment will be here rendered in favor of the defendant.

Reversed and rendered.